No. 05-555

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 175

BONNIE G. SNAVELY,

        Plaintiff and Appellant,

    v.

KEITH ST. JOHN, PERSONAL
REPRESENTATIVE OF THE
ESTATE OF MICHAEL SNAVELY,

        Respondent and Respondent.

APPEAL FROM:    The District Court of the Fourth Judicial District,
                   In and For the County of Missoula, Cause No. DP 2004-36,
                   Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            James Andrew Patten, Attorney at Law, Billings, Montana

        For Respondent:

            David J. Ryan, Attorney at Law, Missoula, Montana

Submitted on Briefs:  April 19, 2006

Decided:  July 27, 2006

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Bonnie Snavely (Bonnie) appeals an order entered in the Fourth Judicial District, Missoula County, granting a preliminary injunction enjoining her from preventing Keith St. John (St. John) from accessing a roadway across her property. We reverse and remand, ordering the District Court to vacate its order of injunction and reconsider its decision following the entry of findings of fact and conclusions of law pursuant to Rule 52(a), M.R.Civ.P.

¶2 The sole issue raised on appeal is whether the District Court erred in granting a preliminary injunction without first making findings of fact or conclusions of law as required by Rule 52(a) M.R.Civ.P.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3 Bonnie and Michael Snavely (Michael) divorced in 1992. In the Decree of Dissolution, the District Court awarded Michael property referred to as Tract I-I which formerly belonged to Bonnie, along with an easement for ingress and egress across part of Bonnie's remaining property referred to as Tract K-K-2. This easement connects Tract I-I to a public road named Cote Lane. Tract I-I and K-K-2 lie adjacent to one another and both tracts abut additional property owned by Bonnie referred to as Lot A. In addition to the easement granted across Tract K-K-2, a separate, private roadway traverses Lot A connecting Tract I-I to Cote Lane. Michael formerly used this roadway across Lot A to access Tract I-I.

¶4 Michael died on February 14, 2003, and this case began as a probate of his estate. In his Last Will and Testament, Michael appointed St. John Personal Representative of

2

his estate. Michael left St. John the remainder of his property, both personal and real. St. John filed an application for an informal probate of Michael's Last Will and Testament in March, 2004.

¶5 On June 9, 2004, St. John filed a petition for declaratory judgment seeking an order from the District Court, sitting in probate, awarding St. John an easement across Bonnie's property and awarding St. John an interest in certain property located in Flathead County. St. John also filed a motion for a preliminary injunction enjoining Bonnie from refusing to furnish him a key to access the gate on Tract I-I. St. John alleged that Bonnie maintained the gate that barred access to the roadway traversing Lot A, and that Bonnie continually changed the lock on the gate forcing him to cut the lock in order to use the roadway.

¶6 Bonnie filed an objection to the preliminary injunction on July 9, 2004, contesting the court's jurisdiction to hear the property disputes and disputing St. John's use of the roadway. She argued that the roadway existed before her divorce from Michael and that its use was permissively granted only to Michael. Bonnie conceded that she granted an easement across Tract K-K-2 pursuant to her divorce, and stated that she never impeded or interfered with the construction of St. John's own roadway across Tract K-K-2. She alleged that she agreed to allow St. John to use the roadway across Lot A provided that she had a chance to meet with him to express her concerns over its use, but she denied that St. John had a right to use it.

¶7 On September 2, 2004, Bonnie filed her own cross-motion for a preliminary injunction seeking to prohibit St. John, his agents, and invitees from trespassing on Lot

3

A. St. John, in turn, filed a motion in opposition to Bonnie's cross-motion for an injunction disputing Bonnie's characterization of the roadway across Lot A. A hearing was held before the District Court on September 24, 2004, at which time the parties offered argument and evidence in support of their respective requests for preliminary injunctions. By order dated August 1, 2005, the District Court denied Bonnie's motion for a preliminary injunction while simultaneously granting St. John's motion for the same, and preliminarily enjoined Bonnie from interfering with St. John's access to the roadway crossing Lot A. Bonnie timely appealed.

## DISCUSSION

¶8 Bonnie argues on appeal that the District Court ordered the preliminary injunction without first entering findings of fact or conclusions of law as required by Montana Rules of Civil Procedure Rule 52(a). She argues that, in its order, the District Court simply recites the issues and the positions of the parties and enjoins Bonnie from interfering with the use of the road by St. John, his agents, guests, and invitees. Bonnie contends that the District Court's grant of the preliminary injunction, without first making findings of fact or conclusions of law, constitutes a reversible error. We agree.

¶9 Rule 52(a), M.R.Civ.P., requires that a court must set forth the findings of fact and conclusions of law which constitute the grounds of its action in granting or refusing interlocutory injunctions. Specifically, Rule 52(a) provides, in pertinent part:

> **Effect**. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and *in granting or refusing interlocutory injunctions the court shall*

4

*similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action . . . .* [Emphasis added.]

¶10 Our jurisprudence is well settled that findings of fact and conclusions of law must accompany preliminary injunctions. See *Ensley v. Murphy* (1983), 202 Mont. 406, 408, 658 P.2d 418, 419; *Traders State Bank of Poplar v. Mann* (1993), 258 Mont. 226, 245, 852 P.2d 604, 616 (overruled on other grounds *Turner v. Mountain Engineering and Const.*, Inc. (1996), 276 Mont. 55, 62, 915 P.2d 799, 803). A failure by the District Court to make findings of fact or conclusions of law in the grant or denial of a preliminary injunction as required by Rule 52(a) will result in this Court's order to vacate the preliminary injunction and our remand to the District Court for reconsideration following the entry of its findings of fact and conclusions of law. See *Continental Realty, Inc. v. Gerry* (1991), 251 Mont. 150, 153, 822 P.2d 1083, 1086; *Traders State Bank of Poplar*, 258 Mont. at 245, 852 P.2d at 616; *Ensley*, 202 Mont. at 408, 658 P.2d at 419.

¶11 St. John concedes that the District Court made no findings of fact or conclusions of law, but argues that the District Court only needed to, and did, in fact, set forth it's reasoning in a manner sufficient to allow informed appellate review. St. John is only partly correct. The litmus test is whether a district court's order sets forth reasoning, based upon its findings of fact and conclusions of law, in a manner sufficient to allow informed appellate review. *Shammel v. Canyon Resources Corp.*, 2003 MT 372, ¶ 28, 319 Mont. 132, ¶ 28, 82 P.3d 912, ¶ 28 (citing *Lake v. Lake County* (1988), 233 Mont. 126, 134, 759 P.2d 161, 165). If a trial judge's findings and conclusions are clear to this Court, failure to state them in the recommended form is not substantial error. *Clemans v.*

5

*Martin* (1986), 221 Mont. 483, 487, 719 P.2d 787, 789-90 (citing *In re Marriage of Barron* (1978), 177 Mont. 161, 164, 580 P.2d 936, 938).  It is not this Court's task, however, to review the record with the purpose of making our own findings. *Continental Realty*, 251 Mont. at 154, 822 P.2d at 1086.

¶12    Here, the District Court did not set forth its reasoning in a manner sufficient for appellate review.  The Order states that St. John is the sole beneficiary of the estate of Michael, and that St. John filed a Personal Representative's Petition for Declaratory Judgment seeking determination of three issues: (1) the scope of use, location, and physical limits of a historic road easement, (2) the enforceability of an easement granted during marital dissolution proceedings, and (3) the ownership of certain property located in Flathead County.  The Order also states that Bonnie is the fee owner of Lot A, across which an uncontested driveway exists connecting Tract I-I, now owned by the estate of Michael, with a public road named Cote Lane, and that Bonnie argues that the driveway was used permissively only.  The District Court makes no finding concerning Bonnie's permissive use contention, and the court does not determine whether the roadway across Lot A is subject to an easement or whether St. John is, or may be, entitled to its use.

¶13    Next, the Order sets forth that Bonnie is the owner of Tract K-K-2, across which an easement was granted for ingress and egress to the real property now owned by the estate of Michael, and that the easement was granted as a result of the court's order of contempt in the marital dissolution action between Bonnie and Michael wherein Bonnie was compelled to grant the easement in order to obtain her release from jail.  The Order then addresses Bonnie's argument that the court lacks jurisdiction over the property and

6

easement right disputes and concludes that the District Court does have jurisdiction over the proceedings.

¶14 Without addressing the existence of either St. John's or Bonnie's motion for a preliminary injunction, the Order moves on directly to the District Court's reasoning regarding how it will decide the petition for declaratory judgment:

> In this particular case, this Court's decision on the declaratory judgment petition will in all likelihood include, in relevant part, consideration of the acrimonious and often contemptuous tactics and delays engaged in by Bonnie Snavely during prior marital dissolution proceedings before this Court and in the bankruptcy proceedings before the U.S. Bankruptcy Court, Montana Division, involving the same or similar disputes over the same easements at issue herein, thus triggering the doctrine of *res judicata* as it may apply to the issues raised in this case, and thus it is not clear at this point that a jury trial on the issues should even be afforded to Bonnie Snavely.

¶15 The above quoted passage addressing St. John's motion for declaratory judgment serves as wholesale reasoning for the grant and denial of six motions before the court, including St. John's and Bonnie's motions for preliminary injunctions. Nowhere in the Order does the District Court explicitly address or discuss the motions individually, much less set forth any findings of fact or conclusions of law with regard to the preliminary injunction motions.

¶16 The finding of facts required by Rule 52(a) serve as a recordation of the essential and determining facts upon which the District Court rests its conclusions of law and without which the District Court's judgment lacks support. *In re Marriage of Lawrence*, 2005 MT 125, ¶ 15, 327 Mont. 209, ¶ 15, 112 P.3d 1036, ¶ 15 (citing *In re Marriage of Barron*, 177 Mont. at 164, 580 P.2d at 938). The purpose of requiring findings of fact is

7

three-fold: (1) as an aid in the trial judge's process of adjudication; (2) for purposes of *res judicata* and estoppel by judgment; and (3) as an aid to the appellate court on review. *Marriage of Lawrence*, ¶ 15.

¶17    Here, the District Court did not set forth any factual findings which would support its legal conclusions that St. John is entitled to a preliminary injunction and Bonnie is not. Indeed, the District Court's order, while granting the preliminary injunction, fails to even make reference to § 27-19-201, MCA, the relevant statute which sets forth the criteria by which a district court may issue a preliminary injunction.

¶18    Under these circumstances, it is impossible for this Court to evaluate the parties' arguments on appeal in the absence of the trial court's findings of fact and the court's exposition of which facts and arguments it found persuasive and why. The District Court's legal conclusions must likewise be articulated and be in accordance with the governing statutes and interpretive case law. In short, it is not enough that the trial court simply regurgitate the contentions of the parties and then reach a conclusion. The court must also make factual findings and combine those with a logical, reasoned analysis and application of the law to the facts.

¶19    Here, the trial court's decision fails to set forth its findings of facts and its conclusions of law in compliance with Rule 52(a), M.R.Civ.P. Because of this failure, we are unable and unwilling to undertake further appellate review of this matter. It is not our job to make findings of fact or conclusions of law in the face of the trial court's failure to do so. Rather, it is this Court's function to determine whether the trial court's findings of fact are clearly erroneous and whether its conclusions of law are correct. §

8

27-12-201, MCA; *Yockey v. Kearns Properties, LLC*, 2005 MT 27, ¶ 12, 326 Mont. 28, ¶ 12, 106 P.3d 1185, ¶ 12.

¶20   Accordingly, we reverse and remand this cause with instructions that the District Court vacate its order of preliminary injunction, reconsider this matter, and enter appropriate findings of fact and conclusions of law.  Specifically, we do not address the merits of the injunction issue here.

¶21   Reversed and remanded for further proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE

Justice John Warner concurs.

¶22   I concur in the result of the Court's Opinion, but not in all that is said therein. Rule 52(a), M.R.Civ.P., does require that the reasons for granting a preliminary injunction be set forth.  It is not required that there be a lengthy explanation, and the rule does not specify the form required.  A memorandum containing the District Court's reasoning is sufficient if the findings of fact and conclusions of law appear therein.  Rule 52(a), M.R.Civ.P.; *Marriage of Jensen* (1981), 193 Mont. 247, 260, 631 P.2d 700, 707. Should counsel for a party assist the district court by preparing proposed findings, he or she should also take care that the rule is followed.

/S/ JOHN WARNER