JUSTICE NELSON
dissents.
¶64 I dissent from the Court’s Opinion. I would reverse and remand with instructions that the charge against Ditton be dismissed with prejudice. I would do so for the following reasons.
INTRODUCTION
¶65 The dispositive issue in this case is the timeliness of the Municipal Court’s determination that probable cause existed to allow the filing of the driving under the influence charge against Ditton. The issue is not whether the court actually made a probable cause determination-it is -undisputed that the court did indeed make that determination. The question is whether the court did so pursuant to the sequence mandated by § 46-11-110, MCA.
*497 ¶66 In answering this question, the Court “infer[s]” from the District Court’s finding that a probable cause determination was made by the Municipal Court[1] that the determination was timely. In so doing, the Court reads into the record facts which simply are not there. Indeed, the Court’s factual findings are without any support whatsoever in the record and are not based on any finding of fact or conclusion of law made by the District Court.
¶67 This Court’s sua sponte fact-finding with respect to the timeliness issue flies in the face of what we said in two very recent decisions. In In re Marriage of Jacobsen, 2006 MT 212, 333 Mont. 323, 142 P.3d 859, we stated that “ ‘[ajdequate findings and conclusions are essential for without them this Court is forced to speculate as to the reasons for the [lower court’s] decision. Such a situation is not a healthy basis for review.’ ” Jacobsen, ¶ 19 (quoting Jones v. Jones, 190 Mont. 221, 224, 620 P.2d 850, 852 (1980) and citing as illustrative of this point In re Marriage of Converse, 252 Mont. 67, 71-72, 826 P.2d 937, 939-40 (1992), and In re Marriage of Keating, 212 Mont. 462, 467, 689 P.2d 249, 252 (1984)).
¶68 Similarly, in Snavely v. St. John, 2006 MT 175, 333 Mont. 16, 140 P.3d 492, we reversed the district court because of its failure to make adequate findings of fact in an injunction proceeding. We stated that it was “not our job to make findings of fact or conclusions of law in the face of the trial court’s failure to do so.” Snavely, ¶ 19.
¶69 Notwithstanding, the Court’s Opinion articulates no principled basis or supporting authority that allows us to do the trial court’s job of making findings of fact where our settled jurisprudence-referred to above-prohibits precisely that. Moreover, that we would do so on the dispositive legal question in the face of a record that is absolutely contrary to those findings is inexcusable. The Court has turned the appellate function on its head.
DISCUSSION
¶70 Section 46-11-110, MCA, provides:
Filing complaint. When a complaint is presented to a court charging a person with the commission of an offense, the court shall examine the sworn complaint or any affidavits, if filed, to *498 determine whether probable cause exists to allow the filing of a charge.
¶71 This statute clearly and unambiguously requires that the probable cause determination be made before the charge is filed. See State v. Johnson, 276 Mont. 447, 451, 918 P.2d 293, 295 (1996) (“Montana law provides that before any criminal charge can be brought against an individual or an arrest made, probable cause to believe that the person has committed the crime is required.” (emphasis added) (citing §§ 46-11-110 and 46-6-201, MCA)). It is a court’s statutory duty to examine the complaint “to determine whether probable cause exists to allow the filing of a charge.” Section 46-11-110, MCA (emphasis added). In other words, until a court makes the probable cause determination, the charge may not be filed.
¶72 Here, the record establishes that the Municipal Court’s determination that there was probable cause to support the charge against Ditton was not made until nearly six months after the charge was filed. Specifically, the record (which includes a tape-recording of Ditton’s initial appearance in the Municipal Court) reflects the following: on the evening of December 20, 2002, Ditton was arrested; later that evening, he was “charged” with driving under the influence and called to answer in court for this offense by way of a “Notice to Appear and Complaint”; he was arraigned at his initial appearance on December 23,2002, and pled not guilty; during the initial appearance, the Municipal Judge declined to rule on Ditton’s requests for a probable cause determination but nevertheless “filed” the charge against him and set a trial date; the arresting officer completed a probable cause affidavit over a month later on January 28,2003; and, finally, on June 16, 2003, the day before Ditton’s jury trial, the Municipal Judge ruled that there was probable cause to file the charge alleged in the Notice to Appear and Complaint. This is the actual record by which this Court is bound.
¶73 Given these facts, the statutory sequence prescribed by § 46-11-110, MCA-namely, (1) the complaint is presented to the court; (2) the court examines the sworn complaint and any affidavits filed; and, lastly, (3) the court, from its examination, determines whether probable cause exists to allow the filing of the charge-was completely ignored in this case.
¶74 As already noted, the record reflects that Ditton was charged on December 20, 2002, by way of a “Notice to Appear and Complaint.” This form has a place for the officer to swear out the charge. This jurat provides that the Complaint was presented to a judge or notary and *499 that the officer swore that the charge was true. See State v. Allum, 2005 MT 150, ¶¶ 37-38, 327 Mont. 363, ¶¶ 37-38, 114 P.3d 233, ¶¶ 37-38 (stating that under §§ 46-11-110 and 46-11-401(3), MCA, the Complaint did not need to be sworn, as long as the officer was). Here, however, the jurat was never completed. Indeed, the record establishes that the officer did not swear that there was probable cause to believe that the charge was true until a month later, on January 28, 2003, in an Affidavit of Probable Cause. This Affidavit was then filed on January 31, 2003, with the State’s response to Ditton’s Motion to Dismiss. The Municipal Court judge, for her part, did not get around to making the probable cause determination until nearly five months after that. Again, this is the actual record before us.
¶75 Significantly, the Bozeman City Prosecutor acknowledged in the State’s January 31, 2003, response to Ditton’s Motion to Dismiss that the Municipal Court’s probable cause determination, in fact, had been delayed:
In this case, the delay in the determination is two-fold. The first being the Defendant was released ....
The second delay is that the State, because of the absence of the Undersigned, was not specifically aware of one problem: the lack of a filed [Affidavit of Probable Cause]. The State first requested an extension to review this case, which was granted, and then in reviewing this case ultimately determined this flaw and obtained what had inadvertently not been filed. That document is now attached [to this Response].
This explanation only further establishes that the probable cause determination was not made until long after the charge against Ditton had been filed on December 23,2002, and that the statutory sequence prescribed by § 46-11-110, MCA, therefore, was not followed.
¶76 The Court’s Opinion correctly recognizes timeliness as the crux of the matter here. The Court identifies the issue by asking, “Must the complaint against Ditton be dismissed because the Municipal Court did not timely determine that there was probable cause to file the charge?” (emphasis added). Yet, in answering this question, the Cotut makes a critical error: it mischaracterizes the record by stating that the District Court (in the habeas corpus proceeding) made a “finding *500 of fact that the required determination of probable cause was timely made” (emphasis added).[2]
¶77 The District Court’s only findings on this issue are as follows:
Municipal Judge Carlson had occasion to review an Affidavit of Probable Cause filed with the State’s response to Petitioner’s Motion to Dismiss. Although not explicit in the order which was issued following the filing of that motion, Municipal Judge Carlson did testify she had concluded there was Probable Cause for the filing of the complaint. Although not in writing, the Municipal Court Judge did make the necessary determination under §46-11-110 MCA that there was probable cause for filing the charge.
¶78 Nowhere in these findings does the District Court state when Judge Carlson’s probable cause determination was made, let alone whether it was made in a timely fashion. Nor does the court state, as this Court asserts, that the statute was “properly followed.” Rather, the District Court merely found that Municipal Judge Carlson “had occasion” to review the officer’s Affidavit of Probable Cause-though when she did so is not stated, but it clearly happened after the charge against Ditton was filed (on December 23, 2002), given that the Affidavit of Probable Cause was filed on January 31, 2003, (with the State’s response to Ditton’s Motion to Dismiss). The court further found that Judge Carlson (at some point in time) concluded there was probable cause for the filing of the complaint and that Judge Carlson (again, at some point in time) made the determination required by § 46-11-110, MCA, that there was probable cause for filing the charge.
¶79 But the issue of timeliness is not addressed at all-not even by implication, as this Court asserts. Granted, according to the District Court, the Municipal Court judge made the “necessary determination” under § 46-11-110, MCA, “that there was probable cause for filing the charge.” However, as explained above, § 46-11-110, MCA, required the Municipal Court to make that “necessary determination” at a particular time-namely, before the filing of the charge. Section 46-11-110, MCA (“[T]he court shall examine the sworn complaint or any affidavits, if filed, to determine whether probable cause exists to allow the filing of a charge.” (emphasis added)). Accordingly, a post-filing *501 (i.e., after-the-fact) determination that there was probable cause for filing the charge-which the record shows to be the case here-directly contravenes the statutory mandate.
¶80 As a matter of fact, then, this Court is demonstrably wrong in stating that the District Court found that Municipal Judge Carlson’s determination was “timely” made. Nowhere does the actual record before us demonstrate that Judge Carlson made a probable cause determination before filing the charge. Rather, the “finding” that the probable cause determination was “timely made” is this Court’s alone, unfortunately created from whole cloth and ignoring the actual record that is to the contrary.
¶81 Indeed, this Court’s finding of timeliness is merely an “inference readily drawn” from the District Court’s finding that “the Municipal Court Judge did make the necessary determination under §46-11-110 MCA that there was probable cause for filing the charge.” Specifically, the Court infers that the determination of probable cause was made “at the time the charge was filed.” However, aside from the fact that we should not be “infer[ring]” the answers to the dispositive legal questions before us, the Court’s inference is unsustainable.
¶82 For one thing, the Court (at ¶ 23) has rewritten and augmented the District Court’s finding to state more than it does-specifically, “that the statute was properly followed.” As already noted, the District Court made no such determination. Moreover, one can hardly infer-let alone infer “readily”-that Judge Carlson made the “necessary determination” of probable cause “at the time the charge was filed” when the record establishes precisely the opposite. In particular, the Court ignores the facts that the charge against Ditton was filed on December 23, 2002, during his initial appearance; that the Municipal Judge declined during that proceeding to rule on Ditton’s requests for a probable cause determination; that the jurat on the “Notice to Appear and Complaint” was never completed; that the arresting officer’s probable cause affidavit was filed over a month after the charges were filed; and that, due to this “delay,” as the Bozeman City Prosecutor put it, Judge Carlson made a belated determination of probable cause on June 16, 2003-all contrary to this Court’s readily-drawn inference.
¶83 The Court criticizes Ditton for not challenging the District Court’s “finding of fact that the required determination of probable cause was timely made.” Not surprisingly, Ditton cannot challenge this “finding” because the District Court never made it. Rather, as just discussed, the finding was “infer[red]” by this Court. Thus, the Court is wrong to fault *502 Ditton for “not providing] a transcript of the hearing ... or other record which indicates that the District Court’s [finding that the required determination of probable cause was timely made] is clearly erroneous.” Ditton need not show that this finding was clearly erroneous[3] because no such finding was ever made.
¶84 The Court is also mistaken to rely on the fact that “§ 46-11-110, MCA, only requires that the finding be made, not that it be made in writing.” While it is true that this statute does not explicitly require that a probable cause determination be memorialized in writing, this fact is wholly irrelevant to the case before us because the sole issue here is the timeliness of the determination, not whether it was in writing.
¶85 Again, we are bound by the actual record on appeal. This record demonstrates that the statutory scheme enacted by the Legislature was violated. As noted above, § 46-11-110, MCA, requires that probable cause for the filing of a criminal charge be determined before the charge is filed. Here, the arresting officer did not swear that there was probable cause for the arrest until over a month after the charge was filed and Ditton was arraigned. And the Municipal Court did not determine that probable cause existed for filing the charge against Ditton until nearly five months later.
¶86 Having determined that the Municipal Court violated the mandate of § 46-11-110, MCA, I must, necessarily, turn to the issue of what remedy should be employed here.
¶87 This Court presumes prejudice in some circumstances. See, e.g., State v. Lamere, 2005 MT 118, ¶ 25, 327 Mont. 115, ¶ 25, 112 P.3d 1005, ¶ 25 (structural errors, which are defects in the framework within which a trial proceeds, are presumptively prejudicial because they cannot be qualitatively or quantitatively weighed against the admissible evidence introduced at trial). The violation of § 46-11-110, MCA, is one such circumstance. I base this conclusion on the critical, but often overlooked, role that this statute plays in the administration of criminal justice in Montana.
*503 ¶88 Thanks to the Legislature’s enactment of § 46-11-110, MCA, citizens are assured that the government cannot put them to the time and expense of defending against criminal charges unless probable cause exists for filing those charges. Of course, this assurance exists only to the extent that the lower courts do their duty under § 46-11-110, MCA, and to the extent that this Court enforces this statute on appeal.
¶89 Section 46-11-110, MCA, obligates courts to screen out allegations which lack probable cause. Thus, this statute requires that courts serve as a check on prosecutors, ensuring that prosecutors do not act without restraint in leveling charges against citizens. Obviously, this check is even more important where, as here and in tens of thousands of cases each year across Montana, police officers, instead of prosecuting attorneys, level the charges.
¶90 The assessment and determination of probable cause is a vital judicial function because of the enormous power wielded by the prosecutorial arm of govemment-a power which places a great burden on citizens (some of whom are ultimately acquitted) and can put them at risk of deprivation of “life, liberty, or property,” Mont. Const, art. II, § 17. In fact, the function of § 46-11-110, MCA, is reflective of one of the “fundamental values” of our criminal justice system: “our sense of fair play which dictates ‘a fair state-individual balance by requiring the government to leave the individual alone until good cause is shown for disturbing him and by requiring the government in its contest with the individual to shoulder the entire load.’ ” Murphy v. Waterfront Comm’n, 378 U.S. 52, 55, 84 S.Ct. 1594, 1596-97 (1964).
¶91 Indeed, our criminaljustice system would certainly be an ominous mechanism if it allowed for filing charges without the minimal showing of probable cause. Criminal charges are akin to a “sword of Damocles” hanging over a citizen’s head until the person has had his or her day in court. No person should have to suffer that sword before a judge determines that probable cause exists to support the filing of the charges. Forcing an individual to defend against criminal charges when no probable cause existed to file the charges in the first place is one of the worst injustices possible in our criminal justice system. When a court fails to make the timely probable cause determination mandated by § 46-11-110, MCA, it creates the risk of facilitating such 8m injustice.
¶92 Thus, given the vitally important nature of a probable cause determination to allow the filing of charges, I would hold that a violation of § 46-11-110, MCA, is so inherently and substantially *504 prejudicial that it violates the due process guarantee of Article II, Section 17, of the Montana Constitution, thus requiring dismissal of the charges filed in each instance.
CONCLUSION
¶93 I cannot agree with the Court’s decision here. The Court creates from whole cloth critical findings on the dispositive timeliness issue in the face of the actual record, which is contrary to those findings. Our jurisprudence does not permit this approach; basic fairness to the defendant does not allow this approach; and constitutional due process most certainly does not license what this Court does here.
¶94 Because on the record here the Municipal Court undisputedly violated § 46-11-110, MCA, by not making a probable cause determination before the driving under the influence charge was filed against Ditton, I would reverse, remand, and order that the charge against Ditton be dismissed with prejudice. I dissent from our failure to do so.
CHIEF JUSTICE GRAY and JUSTICE COTTER join in JUSTICE NELSON’S dissent.

 For clarification, this finding (that a probable cause determination was made by the Municipal Court) was entered in DV 03-208, a habeas corpus proceeding initiated by Ditton. The appeal before us, by contrast, is from DC 03-204, Ditton’s appeal (to the District Court from the Bozeman Municipal Court) of his conviction for driving under the influence of alcohol.

 Incidentally, whether the required determination of probable cause was “timely” made is a conclusion of law, not a finding of fact. The relevant “facts” here are when the determination of probable cause was made and when the charge against Ditton was filed. We then apply the statute to those facts to ascertain whether the probable cause determination was made in conformance with the statute-a conclusion of law.

 Contrary to the standard of review articulated by the Court, we are actually presented with a mixed question of law and fact-i.e., whether § 46-11-110, MCA, was violated in light of the established, record-based facts. Thus, we must apply a de novo standard of review rather than the clearly erroneous standard with the Court applies here. Duffy v. State, 2005 MT 228, ¶ 10, 328 Mont. 369, ¶ 10, 120 P.3d 398, ¶ 10. Bud even under the clearly erroneous standard, any finding by the District Court that Judge Carlson made a determination of probable cause “at the time the charge [against Ditton] was filed” is clearly erroneous on the actual record before us.