IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 05-129

FILED

OCT 04 2006

Ed Smith
CLERK OF THE SUPREME COURT
STATE OF MONTANA

STATE OF MONTANA,  )
                   )
  Plaintiff and Respondent,  )
                   )                 O R D E R
v.                 )                REMANDING
                   )                FOR
ROBERT L. ROSE,    )                HEARING
                   )
  Defendant and Appellant.  )

On January 23, 2002, the State of Montana filed an Information in the District Court for the Twenty-First Judicial District, Ravalli County, charging Robert L. Rose ("Rose") with aggravated kidnapping, assault with a weapon, and assault on a peace officer or judicial officer. On May 23, 2003, ten days before the date set for trial, Rose filed a Motion to Dismiss for Violation of Defendant's Right to Speedy Trial. The State filed its response on May 29, 2003, and Rose filed a reply the following day. Among other things, the parties disputed whether the court should consider the length of delay from the time the charges were filed or from the time of the arrest (on or about January 11, 2002), and they disputed how many days of the delay were attributable to the State. In addition, Rose stated (in both his motion and his reply) that if the court determined, contrary to Rose's calculations, that *less* than 275 days of the delay were attributable to the State and that the burden, therefore, was on him to demonstrate prejudice, he would like an evidentiary hearing.

The District Court took up Rose's motion during the pretrial conference held June 2, 2003. The court ruled as follows: "I've looked at [your speedy trial motion], and I do agree with the State's analysis on that. So that motion is denied." Defense counsel inquired "what was the basis for that?" to which the court responded, "I think most of the delay is attributable to the Defendant. He's not met his burden of proving prejudice."

1

Later in the conference, counsel inquired as to the number of days the court had attributed to the State, noting that the court (apparently) had determined that less than 275 days of the delay were attributable to the State since it had imposed the burden of proving prejudice on Rose. The court responded that "[i]t looked like 171 days to the State and 325 to Mr. Rose, to me." However, the court did not explain how it arrived at these numbers.

Counsel requested a hearing on the speedy trial issue, explaining that Rose wanted to produce evidence showing that he was prejudiced by the delay. She noted that since the court had determined Rose had the burden of proving prejudice, he should be allowed an evidentiary hearing to do so. The court denied the request on the ground that "I don't see a need for a separate hearing." The court also noted the following:

> We have a jury sitting out there. We have already delayed a trial for an hour doing these motions. We're not going to have time to conduct the trial if we stop and have some hearing. And then, you know, he's complaining about speedy trial. Why don't we extend the trial another three or four months?

The case proceeded to trial, and the jury found Rose guilty as to all three counts.

On appeal, Rose asserts that the District Court erred in its determination that no speedy trial violation had occurred. Having reviewed the record before us, however, we conclude that we are not able to ascertain the correctness of the District Court's ruling given its cursory explanation during the pretrial conference. *Cf. Snavely v. St. John*, 2006 MT 175, ¶¶ 19-20, 333 Mont. 16, ¶¶ 19-20, 140 P.3d 492, ¶¶ 19-20 (remanding with instructions that the district court enter appropriate findings of fact and conclusions of law since the trial court's failure to do so left us unable to undertake further appellate review of the matter, given that "[i]t is not our job to make findings of fact or conclusions of law in the face of the trial court's failure to do so"). Therefore,

IT IS ORDERED that this case is remanded to the District Court to hold, within 45 days of the date of this order, an evidentiary hearing on Rose's speedy trial claim with further instructions that the District Court, based on the full record, including evidence adduced at the hearing, and on the arguments presented by the parties, enter findings of fact and conclusions of law as to the following: the factors articulated in *City of Billings v. Bruce*,

2

1998 MT 186, 290 Mont. 148, 965 P.2d 866, including, but not limited to, the total number of days of delay, the number of days attributable to the State and the number of days attributable to Rose, the basis on which the court attributes each period of delay, and whether any period of delay attributed to the State was institutional or non-institutional delay.

IT IS FURTHER ORDERED that this appeal shall be held in abeyance pending issuance of the District Court's findings of fact, conclusions of law and order. Within 20 days of the issuance of the District Court's findings of fact, conclusions of law and order, the State and Rose are granted leave to file, simultaneously, one brief each limited to 15 pages of text arguing for or against the trial court's decision. No extensions of time will be granted.

IT IS FURTHER ORDERED that the Clerk of this Court return the District Court Record to the Clerk of the District Court and give notice of this Order by mail to all counsel of record and to the Hon. Jeffrey H. Langton, District Judge, presiding. The Clerk of the District Court will return the District Court record to the Clerk of this Court, along with the District Court's findings of fact, conclusions of law, and order once those are issued.

DATED this 4th day of October, 2006.

_____
Chief Justice

_____
_____
_____
_____
Justices

Judge Susan P. Watters, sitting for Justice Brian M. Morris, concurs in the foregoing order.

3