No. DA 06-0543

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 138

_____

JANIS H. EDELEN,

       Petitioner and Respondent,

   v.

MARK J. BONAMARTE,

       Respondent and Appellant.

_____

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                  In and for the County of Gallatin, Cause No. DR-06-153(C),
                  The Honorable John C. Brown, Presiding Judge.


COUNSEL OF RECORD:

       For Appellant:

              Karl P. Seel, Attorney at Law, Bozeman, Montana

       For Respondent:

              Janis H. Edelen (pro se), Bozeman, Montana

_____

Submitted on Briefs:  February 7, 2007

Decided:  June 12, 2007

Filed:

_____
                             Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1	Mark J. Bonamarte (Bonamarte) appeals from an order of protection issued by the Eighteenth Judicial District, Gallatin County. We remand to the District Court for the entry of the court's findings of facts and conclusions of law pursuant to M. R. Civ. P. 52(a).

## FACTUAL AND PRODECURAL BACKGROUND

¶2	Bonamarte and Jan Edelen (Edelen) began dating in 2003. The relationship soured and Edelen petitioned Gallatin County Justice Court on March 24, 2006, for a temporary order of protection against Bonamarte. Edelen claimed that Bonamarte refused to stop contacting her following the breakup of their relationship and threatened her and her children in subsequent telephone conversations.

¶3	The Justice Court granted the temporary order of protection and held a hearing on April 12, 2006, to determine whether to continue the order of protection. The court found that Edelen was "in danger of harm" and that good cause existed to continue the order of protection against Bonamarte.

¶4	Bonamarte appealed to the District Court. The court held a hearing *de novo* on June 5, 2006. Edelen presented her two sons as witnesses. They testified that Bonamarte threatened them on numerous occasions. Edelen also testified that Bonamarte threatened her "many, many times" and refused to leave her alone. Bonamarte testified that he was "a terrible boyfriend, partner" to Edelen but that he never threatened her or her sons.

¶5	The court determined, based on the testimony, that Bonamarte had caused Edelen "substantial emotional distress, if not reasonable apprehension of bodily injury by

2

repeatedly harassing, threatening, and intimidating her." The court's order cites to § 40-15-102(2)(a), MCA. This statute allows a victim of stalking, as defined in § 45-5-220, MCA, to petition for an order of protection against an offender. The court's order quotes the definition of stalking as provided in § 45-5-220, MCA. The court also recites portions of Edelen's testimony that Bonamarte threatened and intimidated her, causing her to be afraid for herself and for her children. The court's order further notes Edelen's testimony that Bonamarte caused her fear by mailing a receipt to her and by visiting the gym on two occasions during the afternoon when he knew that she would be there. The court continued the order of protection issued by the Justice Court for a period of one year. Bonamarte appeals.

## STANDARD OF REVIEW

¶6 We refuse to overturn the district court's decision to continue, amend, or make permanent an order of protection absent an abuse of the court's discretion. *Bock v. Smith*, 2005 MT 40, ¶ 29, 326 Mont. 123, ¶ 29, 107 P.3d 488, ¶ 29.

## DISCUSSION

¶7 *Whether the district court abused its discretion when it continued the order of protection against Bonamarte.*

¶8 Bonamarte argues that insufficient evidence supports the court's order of protection based on the provisions of § 40-15-102(2)(a), MCA. This statute allows a victim of stalking, as defined in § 45-5-220, MCA, to petition for an order of protection against an offender. Section 45-5-220, MCA, defines stalking as repeated harassment, threatening or intimidation of the stalked person. Bonamarte maintains that the receipt he

3

sent to Edelen in the mail and the fact that he twice saw Edelen in a public place does not support the court's conclusion that Bonamarte repeatedly had engaged in the behaviors that constitute stalking. Bonamarte also contends that the pleadings never alleged that Bonamarte had stalked Edelen, and, thus, the district court abused its discretion in continuing an order of protection based on the stalking statute.

¶9 The District Court possesses the authority to continue an order of protection under the stalking statute if Edelen presented "credible evidence" that Bonamarte stalked her as defined in § 45-5-220(1), MCA. Sections 40-15-102(2)(a), 45-5-220(4), MCA. The court presumably determined that Edelen had presented such "credible evidence" otherwise it would not have issued the amended order of protection against Bonamarte. We cannot know for certain the basis of the court's order, however, as the court failed to enter findings of facts and conclusions of law supporting its decision that good cause existed to continue the order of protection.

¶10 M. R. Civ. P. 52(a) requires the court to "find the facts specially and state separately its conclusions of law" in all actions tried upon the facts without a jury. Requiring findings of fact under M. R. Civ. P. 52(a) serves to aid the trial judge's process of adjudication, to assist in the determination of *res judicata* and estoppel by judgment, and to help the appellate court on review. *Snavely v. St. John*, 2006 MT 175, ¶ 16, 333 Mont. 16, ¶ 16, 140 P.3d 492, ¶ 16. The court's failure to state the findings of fact and conclusions of law in the recommended form does not constitute substantial error if the court's findings and conclusions are clear to this Court. We consider "whether a district court's order sets forth reasoning, based upon its findings of fact and conclusions of law,

4

in a manner sufficient to allow informed appellate review." *Snavely*, ¶ 11.

¶11 The District Court's order fails to set forth the court's support for its finding that Bonamarte caused Edelen "substantial emotional distress, if not reasonable apprehension of bodily injury, by repeatedly harassing, threatening, and intimidating her." The court's order simply refers to § 45-5-220, MCA, the stalking statute, and recites Edelen's testimony that she felt threatened by Bonamarte. Simply reciting the contentions of the parties and reaching a legal conclusion does not satisfy the court's duty to make factual findings and conclusions of law under M. R. Civ. P. 52(a). "The court must also make factual findings and combine those with a logical, reasoned analysis and application of the law to the facts." *Snavely*, ¶ 18.

¶12 The court's failure to enter findings of fact and conclusions of law, as required by M. R. Civ. P. 52(a), precludes this Court from undertaking appellate review. We refuse to review the record with the purpose of making our own factual findings. *Snavely*, ¶ 19. This Court's function includes determining whether the district court abused its discretion in continuing the order of protection against Bonamarte. *Bock*, ¶ 29. We cannot carry out this task without a complete order from the District Court.

¶13 We remand to the District Court for entry of findings of fact and conclusions of law as required by M. R. Civ. P. 52(a). The court's order of June 14, 2006, continuing the order of protection, shall remain in full force and effect during the pendency of the remand to the District Court.

/S/ BRIAN MORRIS

5

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE