FILED

May 15 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0328

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 127NA

MARY C. SAMPSON,

      Petitioner and Appellee,

  v.

KENNY G. SAMPSON,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR 11-843
Honorable Edward McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Raymond P. Tipp; Torrance L. Coburn; Tipp and Buley, P.C. Missoula,
Montana

      For Appellee:

          Klaus D. Sitte; ASUM Legal Services; Missoula, Montana

Submitted on Briefs: April 10, 2013
Decided: May 7, 2013
Amended: May 15, 2013

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The Missoula Municipal Court entered an order prohibiting Kenny G. Sampson from threatening or committing acts of violence against, harassing, annoying or disturbing the peace of, contacting or attempting to contact, or being within 500 feet of his former wife Mary C. Sampson. Kenny appealed to the Fourth Judicial District Court, which affirmed the Municipal Court's order. Kenny now appeals the District Court's decision, and we affirm.

¶3 The issue on appeal is whether the claims in Mary's petition to the Missoula Municipal Court were barred by the doctrine of res judicata and a lack of sufficient evidence that Mary was in danger of harm absent the order of protection.

¶4 The parties divorced in 1995, after a 20-year marriage. In the Final Decree of Dissolution, the Ravalli County District Court found that Mary was "in need of a permanent restraining order except for the purposes of carrying out the provisions of the Marital Settlement Agreement," and the Decree made permanent the Temporary Restraining Order she had obtained earlier in the proceedings.

¶5    In October of 2011, Kenny asked the Ravalli County District Court to modify the decree of dissolution by removing the above-referenced order of protection. Mary did not appear to respond, and the court granted Kenny's motion to remove the order of protection.

¶6    Three days later, Mary filed for an order of protection in Missoula County, where she then lived. The Missoula Municipal Court granted a temporary order of protection and, in November of 2011, held a hearing on whether it should continue, amend, or make the order of protection permanent. Both Mary and Kenny testified at the hearing, as did one of their adult daughters. Following the hearing, the court continued the order of protection.

¶7    Kenny now appeals to this Court. As he did in the Municipal Court and on appeal to the District Court, he argues that Mary's claims before the Municipal Court are barred by the doctrine of res judicata, because they already have been adjudicated in Ravalli County. Kenny also argues that Mary failed to establish that she was in danger of harm if the order of protection was not issued.

¶8    Our standard of review is whether the Municipal Court abused its discretion in continuing the order of protection. *See Edelen v. Bonamarte*, 2007 MT 138, ¶ 6, 337 Mont. 407, 162 P.3d 847.

¶9    Under § 40-15-301, MCA, Montana courts have concurrent jurisdiction to enter orders of protection. Therefore, a protected individual is not precluded from pursuing cumulative remedies in multiple courts. The Municipal Court and the District Court were correct that res judicata did not bar Mary's request for a protective order from the

3

Municipal Court.

¶10     In their testimony before the Municipal Court, Mary and her daughter both described a brutal history of domestic abuse by Kenny during the parties' marriage. In addition, Mary testified about two recent events that caused her to fear for her safety from Kenny. The court stated it credited the recently-removed Ravalli County protective order for the relative lack of problems in the preceding 16 years. The court found that there is an uncontroverted history of violence in the relationship; that Mary's fear of harm is real and palpable; and that without an order of protection she would reasonably be in danger.

¶11     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court correctly applied Montana law and did not abuse its discretion in affirming the Municipal Court's grant of a continuing order of protection.

¶12     The District Court's order is affirmed.

/S/ BETH BAKER

We concur:

/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ LAURIE McKINNON
/S/ JIM RICE

4