FILED

04/03/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0534

DA 17-0534

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 80N

GOULD RANCH CATTLE COMPANY,
a Colorado corporation,

        Plaintiff and Appellee,

   v.

IRISH BLACK CATTLE ASSOCIATION,
a Montana non-profit corporation,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and For the County of Missoula, Cause No. DV-17-684
                Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Richard A. Reep, F. Peter Landsiedel, Reep, Bell, Laird & Jasper, P.C.,
                Missoula, Montana

        For Appellee:

                Jeffrey M. Roth, Jeffrey R. Kuchel, Crowley Fleck PLLP, Missoula,
                Montana

                          Submitted on Briefs:  February 28, 2018

                                  Decided:  April 3, 2018

Filed:

                                       _____
                                                Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Irish Black Cattle Association (Association) appeals from an order of the Fourth Judicial District Court, Missoula County, granting Gould Ranch Cattle Company (Gould Ranch) a permanent injunction. We reverse and remand.

¶3 Gould Ranch is a Colorado corporation that began breeding Irish Black and Irish Red cattle in 1986. Guy and Sherry Gould own Gould Ranch and worked in conjunction with the founder of the breeds, Maurice Boney, to establish a breeding program that protects the purity of the Irish Black and Irish Red breeds. The breeds are highly valued and the terms "Irish Black" and "Irish Red" are registered trademarks with the United States Patent and Trademark Office.

¶4 Following the incapacitation and death of Maurice Boney, a dispute concerning the ownership of the trademarks and licensing rights arose and resulted in commencement of a lawsuit in Colorado. In 2015, pursuant to a settlement reached prior to trial in the Colorado litigation, an entity owned by Guy and Lisa Hendrickson became the owner of the trademark; this entity, in turn, licenses use of the trademark to the Association. Although Gould Ranch was not a party to the Colorado litigation, the Association owed it certain performance obligations related to its rights within the Association. The current

2

litigation has its genesis in each party's respective interpretation of the performance obligation arising from the settlement of the Colorado litigation.

¶5 Gould Ranch must sell its bulls when they are two years old in order to maximize its profit on livestock. At the 2016 spring sale, Gould Ranch was unable to provide its buyers with the necessary documentation certifying its bulls were "Irish Black" or "Irish Red" because the Association had not issued Gould Ranch the necessary documentation. As a result, Gould Ranch provided its customers with forms from the defunct American Celtic Cattle Association (ACCA) as a means to reassure its buyers of the bulls' breeding and ancestry. Gould Ranch informed the buyers that the ACCA no longer existed, but that the information in the certificates was accurate regarding the bulls' pedigree. The Association learned that Gould Ranch used ACCA certificates and determined that Gould Ranch had committed continuous and incurable violations of the Association's rules.

¶6 As a result of the Association's failure to issue appropriate and timely pedigree documentation, Gould Ranch believed it would lose both the ability to sell purebred cattle and its nationwide reputation as a breeder of Irish Blacks and Irish Reds. Gould Ranch sought to prevent the Association from adversely affecting its membership in the organization. Accordingly, Gould Ranch filed suit and asserted claims under the Montana Uniform Declaratory Judgments Act, §§ 27-8-101 to -313, MCA; a request for preliminary and permanent injunctive relief; and a violation of § 35-2-520, MCA, on the basis that the Association's decisions were allegedly contrary to its bylaws. Gould Ranch filed an amended application for a preliminary injunction on August 14, 2017, and the District Court conducted a hearing on August 22, 2017. The District Court issued its decision from

3

the bench granting a "permanent" injunction enjoining the Association from taking any action that adversely affected Gould Ranch's membership and advised the parties to "work on a briefing schedule." The Association appealed issuance of the permanent injunction pursuant to M. R. App. P. 6(3)(e).

¶7      Both parties agree that the District Court erred in issuing a permanent injunction prior to considering the case on its merits. The parties also agree that the District Court should have issued written findings and conclusions setting forth its reasons for granting injunctive relief. The parties dispute, however, whether the matter should be remanded for consideration of whether a preliminary injunction should be issued. The Association maintains that this Court should conclude even preliminary injunctive relief is not appropriate because the Association has not terminated Gould Ranch from its membership and, therefore, Gould Ranch's request for injunctive relief is not ripe. Gould Ranch maintains that this Court should not, in the first instance, determine the merits of the preliminary injunction; rather the issue should be remanded for the District Court to make a sufficient record of its findings and conclusions.

¶8      This Court reviews a District Court's issuance of an injunction to determine whether there has been a manifest abuse of discretion. *Sandrock v. DeTienne*, 2010 MT 237, ¶ 13, 358 Mont. 175, 243 P.3d 1123. "A 'manifest' abuse of discretion is one that is obvious, evident or unmistakable." *Shammel v. Canyon Res. Corp.*, 2003 MT 372, ¶ 12, 319 Mont. 132, 82 P.3d 912 (citation omitted). A district court's conclusions of law are reviewed to determine whether they are correct. *Sandrock*, ¶ 13. We agree with the parties that the District Court abused its discretion when it issued a permanent injunction enjoining the

4

Association from taking action adverse to Gould Ranch's membership interests. "The limited function of a preliminary injunction is to preserve the *status quo* and to minimize the harm to all parties pending full trial." *Yockey v. Kearns Props., LLC*, 2005 MT 27, ¶ 18, 326 Mont. 28, 106 P.3d 1185. A permanent injunction is not a limited remedy or a remedy intended to maintain the status quo. A permanent injunction "issues as a judgment which finally settles the rights of the parties after final determination of all the issues raised." *State ex rel. Thompson v. Dist. Court, Fourth Judicial Dist.*, 132 Mont. 53, 60, 313 P.2d 1034, 1038 (1957). Accordingly, the District Court's issuance of a permanent injunction before trial on the merits was a manifest abuse of discretion.

¶9 We conclude that this matter should be remanded for the District Court to make findings of fact and conclusions of law in accordance with M. R. Civ. P. 52(a) regarding issuance of a preliminary injunction. Absent sufficient findings of fact and conclusions of law that address Gould Ranch's application for a preliminary injunction, this Court is unable to conduct adequate appellate review. *See Snavely v. St. John ex rel. Snavely*, 2006 MT 175, ¶ 19, 333 Mont. 16, 140 P.3d 492. Furthermore, absent findings of fact and conclusions of law on the issue of ripeness and the Association's claim that injunctive relief is inappropriate, we are likewise unable to conduct appellate review. Accordingly, we reverse and remand these proceedings to the District Court for consideration of Gould Ranch's request for a preliminary injunction and the appropriateness of injunctive relief, and for the District Court to make sufficient findings of fact and conclusions of law.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents

no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶11     Reversed and remanded.


                                        /S/ LAURIE McKINNON


We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR