FILED

11/12/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0261

DA 25-0261

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 260

SKYE ANGEL ANNE HENNON,

      Petitioner and Appellee,

  v.

MATTHEW WEBER,

      Respondent and Appellant.


APPEAL FROM:   District Court of the Tenth Judicial District,
                 In and For the County of Judith Basin, Cause No. DV-2025-02
                 Honorable Heather Perry, Presiding Judge


COUNSEL OF RECORD:

     For Appellant:

        Carl B. Jensen, Jr., Attorney at Law, Great Falls, Montana

     For Appellee:

        Skye Angel Anne Hennon, Self-Represented, Stanford, Montana


                  Submitted on Briefs:  September 10, 2025

                           Decided:  November 12, 2025


Filed:

                    _____
                          Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1	Matthew Weber appeals the March 25, 2025 Order of the Montana Tenth Judicial District Court, Judith Basin County, which affirmed the Judith Basin Justice Court's order of protection against Weber in favor of Skye Angel Anne Hennon and her minor child N.G., but dismissed as to Brian Gonzalez.  We reverse and remand.

¶2	On appeal, we address the following issues:

1. *Whether the Justice Court abused its discretion and violated due process when it denied Weber an opportunity to cross-examine Hennon?*

2. *Whether the District Court violated Weber's due process rights by affirming the Justice Court's order of protection without providing an opportunity to be heard?*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3	On February 24, 2025, Skye Angel Anne Hennon (Hennon) filed with the Judith Basin Justice Court of record (Justice Court),[1] a sworn petition for a temporary order of protection and request for hearing against Matthew Weber (Weber) pursuant to § 40-15-201, MCA, seeking protection for herself; her minor son N.G.; and Brian Gonzalez (Gonzalez).

¶4	Hennon's petition claimed Weber harassed and stalked her by sending threatening text messages and emails; threatened her "with images"; and showed up uninvited at her home in Stanford, Montana.

---

[1] The Judith Basin Justice Court is a court of record under § 3-10-101(5), MCA.  However, while the Justice Court announced itself as a court of record during the hearing, the court should also identify itself as such in its official court documents which is required under § 3-10-101(5), MCA.

2

¶5      On February 24, 2025, that same day, the Justice Court entered a temporary order of protection for Hennon, N.G., and Gonzalez and scheduled a hearing on the matter set for March 19, 2025, in the Judith Basin Justice Court in Stanford.  Under § 40-15-202(1), MCA, the court was required to conduct a hearing within twenty days of issuing the temporary order to determine whether good cause existed to continue, amend, or make the order permanent.[2]  The March 19 hearing satisfied that statutory requirement.

¶6      On March 19, 2025, both parties appeared at the hearing.  Hennon testified in person and Weber testified by Zoom from Idaho, where he was living at the time.  Neither party was represented by counsel.  Hennon testified that Weber had sent multiple emails and text messages to her, her mother, and the owner of the house she was currently living in, pertaining to nude photographs of Hennon, and that Weber made threatening comments to Hennon's mother.  Hennon also testified that Weber was not supposed to be in contact with her because of a separate ongoing legal dispute between the parties in Gem County, Idaho.

¶7      At the conclusion of Hennon's testimony, the Justice Court asked Weber whether he had any questions to ask Hennon.  Weber asked Hennon: "Have I ever hurt you or harmed or threatened you before?  And if so, how?"  The Justice Court told Hennon she could respond "if you want."  Hennon replied she would "rather not."  The court excused Hennon and ended the cross-examination.  The court then allowed Weber to present his case.

---

[2] Here, the Justice Court issued a temporary order of protection on February 24, 2025.  The court held the hearing on March 19, 2025, which is after the twenty-day deadline.  However, Weber did not raise this and therefore there is no issue.

3

¶8     During Weber's testimony, he claimed the temporary order of protection had not affected him because he did not have any contact with Hennon. Weber testified that all his emails were related to his asking Hennon to return the ring he had given her. Weber denied ever threatening or harming Hennon. Hennon did not submit exhibits beyond her testimony. Weber had mailed exhibits, including text messages between the parties, to the Justice Court in advance; but the Justice Court ruled they were hearsay. At the conclusion of the hearing, the court found that the parties had no reason to contact one another and extended the order of protection for a year, until March 18, 2026.

¶9     On March 20, 2025, Weber appealed the order of protection to the Montana Tenth Judicial District Court, Judith Basin County. On March 25, 2025, the District Court filed an order affirming the Justice Court's order of protection for Hennon and N.G., but dismissed as to Gonzalez because as an adult, Gonzalez needed to obtain his own order of protection. In its Order, the District Court explicitly acknowledged the record on appeal "is less than clear" and "[t]he Court is unsure which exhibits were actually admitted, and the audio of the hearing is at times, unintelligible, especially as to Appellant's testimony." However, noting that the Justice Court notified the parties it was considering their sworn testimony and any exhibits admitted under § 40-15-204, MCA, the District Court stated, "the [c]ourt reviewed this matter keeping mind the Justice Court was by far in the best position to listen to the testimony of both parties and observe them during the hearing."

¶10    On April 4, 2025, now represented by counsel, Weber filed an appeal with this Court. In his briefing, Weber argues (1) the Distrct Court violated Weber's due process rights for failing to provide him an opportunity to be heard, and (2) the Justice Court failed

4

to give Weber meaningful opportunity to cross-examine Hennon during the hearing. Hennon did not file a response brief.

## STANDARD OF REVIEW

¶11    This Court reviews a district court's decision on an appeal from a justice court as if the appeal had been filed originally in this Court, applying the same standards of review governing the lower court's order. *Fritzler v. Bighorn*, 2024 MT 27, ¶ 7, 415 Mont. 165, 543 P.3d 571. We will not overturn a lower court's decision "to continue, amend, or make permanent an order of protection absent an abuse of the court's discretion." *Edelen v. Bonamarte*, 2007 MT 138, ¶ 6, 337 Mont. 407, 162 P.3d 84 (citing *Bock v. Smith*, 2005 MT 40, ¶ 29, 326 Mont. 123, 107 P.3d 488). We review a district court's decision to continue, amend, or make permanent an order of protection for abuse of discretion, which occurs when the court acts arbitrarily without conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *Boushie v. Windsor*, 2014 MT 153, ¶ 8, 375 Mont. 301, 328 P.3d 631. We review constitutional questions, including alleged due process violations, de novo. *State v. Ilk*, 2018 MT 186, ¶ 15, 392 Mont. 201, 422 P.3d 1219.

## DISCUSSION

¶12    *1. Whether the Justice Court abused its discretion and violated due process when it denied Weber an opportunity to cross-examine Hennon?*

¶13    Weber argues, despite being present at the hearing, he was not afforded a reasonable opportunity to be heard or cross-examine Hennon. We agree. A court must conduct a hearing within twenty days from the issuance of the temporary order of protection to "determine whether good cause exists for a temporary order of protection to be continued,

amended, or made permanent." Section 40-15-202(1), MCA. Procedural due process requires notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mont. Power Co. v. Pub. Serv. Comm'n.*, 206 Mont. 359, 368, 671 P.2d 604, 609 (1983) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902 (1976); *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1190 (1965)).

¶14 At a hearing conducted under § 40-15-202(1), MCA, the respondent must have a meaningful opportunity to test the petitioner's testimony through cross-examination. Cross-examination of the petitioner at the protection order hearing is part of the "meaningful opportunity to be heard." *See State v. Pingree*, 2015 MT 187, ¶ 16, 380 Mont. 1, 352 P.3d 473 (recognizing respondent's right to cross-examine in protection order proceedings); *State v. Mizenko*, 2006 MT 11, ¶ 13, 330 Mont. 299, 127 P.3d 458. Cross-examination is fundamental to the adversary process because it "tests the witness's testimony in the most rigorous, demanding, and exacting" manner and has the potential to expose "flaws, inconsistencies, and insidious motives." *Mizenko*, ¶ 13. When the court told Hennon she could decline to answer a directly relevant question and then excused her, it foreclosed the only method by which Weber could challenge credibility or factual basis of the allegations. Because the petition rested solely on contested communications and alleged prior encounters, credibility was outcome-determinative. The court's action allowing refusal to answer deprived Weber of the opportunity to be heard "at a meaningful time and in a meaningful manner" required by *Armstrong* and by Montana precedent. That error cannot be deemed harmless where the petitioner's untested testimony supplied the sole evidentiary foundation for the order.

6

¶15 The Justice Court abused its discretion and violated Weber's due process when it denied him the opportunity to cross-examine Hennon. During the hearing, Weber asked Hennon "Have I ever hurt you or harmed you or threatened you before?" The Justice Court told Hennon she could answer the question "if you want." Hennon answered, "I'd rather not." The court excused her and ended the cross-examination. On this record, the court foreclosed cross-examination on the central issues—threats/harm; basis for fear—even though the petition rested on contested communications and Weber's alleged appearance at the residence.

¶16 The court's permission to decline answering a plainly relevant question, followed by excusing the witness, effectively prevented Weber from testing credibility, motive, scope, and content matters essential to the § 40-15-202(1), MCA, hearing. That falls short of the "meaningful opportunity" contemplated by *Pingree* and *Mizenko*. Furthermore, the Justice Court's error is not harmless where credibility was a dispositive issue. The court solely relied on Hennon's testimony and Weber was truncated by testing it. *See Pingree*, ¶ 16.

¶17 We hold the Justice Court abused its discretion and violated Weber's right to procedural due process by terminating cross-examination on the core factual issues. At a hearing conducted under § 40-15-202(1), MCA, the respondent must have a meaningful opportunity to test the petitioner's testimony through cross-examination. *Pingree*, ¶ 16; *Mizenko,* ¶ 13.

7

¶18    2. *Whether the District Court violated Weber's due process rights by affirming the Justice Court's order of protection without providing an opportunity to be heard?*

¶19    Under §§ 3-10-115(3) and 25-33-101, MCA, a district court reviewing a justice court record functions as an appellate court and may affirm, reverse, amend, or direct a new hearing. Because Judith Basin Justice Court is a court of record, the District Court was not required to conduct a trial de novo, but it was obligated to ensure that the record permitted meaningful appellate review. *Fritzler,* ¶ 7. Weber also argues that the District Court violated his rights to due process by failing to provide an opportunity for additional briefing or a hearing to state why the Justice Court's decision was improper. In an appeal from a justice court established as a court of record, the district court functions as an appellate court and the appeal is confined to a review of the record and questions of law. Sections 3-5-303, 3-10-115(1), 25-33-101, MCA; *Stanley v. Lemire,* 2006 MT 304, ¶ 25, 334 Mont. 489, 148 P.3d 643 (citing *State v. Seaman,* 2005 MT 307, ¶ 10, 329 Mont. 429, 124 P.3d 1137).

¶20    Unlike appeals from justice courts that are not of record, the District Court was not required to hold an additional hearing or allow for additional briefing. *See* §§ 25-33-301, 3-10-115(3), MCA. Therefore, the District Court did not violate Weber's right to due process. However, the District Court expressly acknowledged that the record on appeal was "less than clear" and that portions of the hearing audio were "unintelligible." Despite recognizing those deficiencies, it summarily affirmed rather than remanding for clarification or a new hearing. When the appellate record is inadequate to permit meaningful review or the proceedings below are not clear, the proper course is to vacate

8

and remand for further proceedings. *See* § 3-10-115(3), MCA (district court may "direct a new trial or further proceeding"); *Keller v. Trull*, 2007 MT 167, ¶ 12, 338 Mont. 546, 167 P.3d 916 (reversing where the court made a temporary order of protection permanent without taking or reviewing evidence at the required hearing); *Fritzler*, ¶¶ 11-12 (reversing where no substantial, credible evidence supported making a protection order permanent). For these reasons, the District Court abused its discretion by affirming the Justice Court's order of protection despite an incomplete and unclear record.

## CONCLUSION

¶21 The Justice Court abused its discretion and violated Weber's due process rights by allowing Hennon to decline a relevant question and then terminating cross-examination. We vacate both the District Court's affirmance and the Justice Court's order of protection and remand to the Justice Court for a new evidentiary hearing consistent with § 40-15-202(1), MCA, and the requirements of procedural due process.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE

9