No. 03-776

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 27

LELAND K. YOCKEY, JUDITH K. YOCKEY,
THOMAS E. SCHMIT, MARIE S. ANTONIOLI,
HOWARD GREENWOOD, JOAN GREENWOOD,
CHRISTINE CARPENTER, DONNA STEFFENSEN,
PATRICIA A. AVANTS, BECKY WEDRICK,
NANCY FRANK, CHRISTIAN FRANK, and CHARLOTTE COOK

        Plaintiffs and Appellants,

   v.

KEARNS PROPERTIES, LLC, ZKERNS PROPERTIES, LLC,
KENT C. KEARNS, ZONI Z KERNS, and RAVALLI COUNTY,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
                In and for the County of Ravalli, Cause No. DV 2003-244
                The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

                Zane Sullivan and Darrel Moss, Sullivan Tabaracci & Rhoades, Missoula,
                Montana

        For Respondents:

                Martin S. King, Worden & Thane, Missoula, Montana (Respondents Kerns);
                William T. Wagner, Garlington Lohn & Robinson, Missoula, Montana
                (Respondents Ravalli County)

                          Submitted on Briefs:  March 24, 2004

                                    Decided:  February 15, 2005

Filed:

_____
                        Clerk
Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     The above-named Plaintiffs and Appellants (hereinafter "Yockeys") appeal the denial of their motion for a preliminary injunction and the dissolution of their temporary restraining order ("TRO") against Kearns Properties, LLC, Zkearns Properties, LLC, Kent C. Kearns, and Joni Z. Kearns (hereinafter "Kearns"), and Ravalli County. We affirm in part, reverse in part, and remand.

## ISSUE

¶2     Yockeys state four issues on appeal, which we restate as follows:  Did the District Court err when it concluded that Yockeys are not entitled to a preliminary injunction?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     Yockeys are homeowners that own and reside on property located in the Antigone Acres subdivision, located east of Hamilton.  Kearns own a 53.07 acre piece of property, located to the west and south of Antigone Acres, which they are attempting to subdivide. Antigone Acres and Kearns' property are located within Ravalli County.

¶4     Antigone Acres was platted as a subdivision in June 1974.  On the plat, a certificate of designation states, "the lands included in all drives, courts, lanes, and parks shown on said plat are hereby granted and donated to the use of the public forever."  Inside Antigone Acres, the road known as Thebian Lane was platted to run north-south just within the western boundary of the subdivision.  A one-foot "reserve strip" was created between Thebian Lane and the western boundary of Antigone Acres.  Ownership of that one-foot strip was retained by Jack Blahnik, one of Antigone Acres' developers.

2

¶5     At the time Antigone Acres was platted, the adjacent property now owned by Kearns was owned by Harold Maus. Blahnik had a personal animosity toward Maus, and because of this, he created and retained the one-foot strip between Thebian Lane and Maus' property specifically to deny Maus access to his property from Thebian Lane.

¶6     After Kearns purchased Maus' property, they called Blahnik and asked if he would sell them the one-foot "reserve strip" between Thebian Lane and Kearns' property. Blahnik agreed, and Kearns purchased the strip in September 2002. At the time Kearns purchased the strip, Daniel H. Koszczweski, a property owner within Antigone Acres and president of the Antigone Acres Homeowners Association, had also been negotiating with Blahnik to purchase the strip either individually or on behalf of the homeowners' association.

¶7     On February 7, 2003, Kearns submitted a subdivision application to Ravalli County. After submitting the application, they learned that residents of Antigone Acres objected to their accessing the proposed subdivision via Thebian Lane and the one-foot "reserve strip." The application was subsequently denied. On April 30, 2003, Kearns submitted a Subdivision Exemption Application to Ravalli County, which proposed a boundary realignment. This application was approved by Ravalli County on May 22, 2003.

¶8     On June 17, 2003, Yockeys filed a Complaint in the Twenty-First Judicial District Court, Ravalli County, alleging that Kearns' proposed use of the one-foot "reserve strip" violated the restrictive covenants of Antigone Acres; that Kearns' use of Thebian Lane to access their property to the west of Antigone Acres exceeded the easement for public use of Thebian Lane; that Kearns' proposed boundary relocation was illegal; and that defendant

3

Ravalli County violated various statutes by failing to comply with public participation rules and regulations when it approved the Subdivision Exemption Application submitted by Kearns.

¶9 On July 14, 2003, Yockeys filed a Motion for Temporary Restraining Order and Application for Preliminary Injunction, alleging that if Kearns were not immediately enjoined from proceeding with their proposed boundary realignment, Yockeys would suffer irreparable injury and any judgment ultimately entered in response to their Complaint would be ineffectual. Yockeys further requested that Kearns be enjoined from using Thebian Lane to access their property outside Antigone Acres. The District Court issued a TRO on July 16, 2003, which temporarily enjoined Kearns from pursuing the boundary realignment and prohibited them from using Thebian Lane to transport any vehicles or heavy equipment exceeding 8000 pounds single axle in gross vehicle weight, pending a show cause hearing.

¶10 At the show cause hearing on August 13, 2003, Kearns informed the District Court that they had withdrawn their subdivision exemption application, thus rendering the boundary realignment issues moot. The District Court heard testimony regarding the purpose of the one-foot "reserve strip" and the scope of the public easement across Thebian Lane.

¶11 On October 8, 2003, the District Court issued its Findings of Fact, Conclusions of Law, and Order, in which it concluded that Yockeys had failed to meet their burden under § 27-19-201, MCA, and denied their motion for a preliminary injunction and dissolved the TRO. In addition, the court addressed and resolved against Yockeys many of the factual and legal issues raised by them in their Complaint. From this ruling, Yockeys timely appeal.

## STANDARD OF REVIEW

¶12 The grant or denial of a preliminary injunction is so largely within the discretion of the district court that we will not disturb its decision, barring a manifest abuse of discretion. *Shammel v. Canyon Resources Corp.*, 2003 MT 372, ¶ 11, 319 Mont. 132, ¶ 11, 82 P.3d 912, ¶ 11 (citations omitted). A manifest abuse of discretion is one that is obvious, evident, or unmistakable. *Shammel*, ¶ 12 (citing Black's Law Dictionary, 6th Ed.). In addition, we review a district court's conclusions of law to determine whether its interpretation is correct. *Sweet Grass Farms, Ltd. v. Board of County Commissioners*, 2000 MT 147, ¶ 21, 300 Mont. 66, ¶ 21, 2 P.3d 825, ¶ 21 (citation omitted).

## DISCUSSION

¶13 Did the District Court err when it concluded that Yockeys are not entitled to a preliminary injunction?

¶14 Yockeys argue that the District Court erred by resolving ultimate issues of fact and law that should have been reserved for trial. They maintain that the court should have limited its findings and conclusions to the narrow issue of whether Yockeys were entitled to a preliminary injunction. They claim that no discovery had been conducted before the court entered its sweeping order, and that they never had the opportunity to fully address the factual and legal issues involved in the case. They further argue that the District Court erred when it failed to grant them a preliminary injunction because, pursuant to § 27-19-201(1), MCA, they demonstrated they had a high probability of eventually prevailing on the merits of their case.

5

¶15 Kearns respond that the District Court properly denied Yockeys' motion for a preliminary injunction because Yockeys did not demonstrate that they had a high probability of prevailing on the merits of their case. Kearns deny that the District Court reached the merits of the case.

¶16 Respondent Ravalli County filed a Position Statement in this appeal. Ravalli County stated that its position is that Thebian Lane is a public road, but not necessarily a county road. Ravalli County believes Thebian Lane is a public road because that is what is stated on the June 14, 1974, plat, and because Yockeys bought property in Antigone Acres subject to the plat's language. However, Ravalli County has not adopted a formal resolution accepting Thebian Lane as a county road.

¶17 The District Court made findings of certain undisputed facts--for example, that Antigone Acres was platted as a subdivision in June 1974, and Kearns own the parcel west and south of Antigone Acres. However, the court then went on to make findings on disputed facts central to the litigation, and corresponding conclusions of law, including that the Antigone Acres plat grants and donates the subdivision's drives and lanes to the public, pursuant to §§ 76-3-307 and 76-3-103(2), MCA, and that Thebian Lane is open and available for all reasonable public use that does not interfere with other residents' use of the road, and which does not constitute a public nuisance. The court further concluded that Kearns have the right to use Thebian Lane as any other member of the public might use it, including the right of use for access to their proposed subdivision on their adjacent property. Because no documents had been produced which would indicate any restrictions on the use of the one-

6

foot "reserve strip," the District Court also concluded that any representations that the "reserve strip" was intended to prohibit access to Thebian Lane in perpetuity is barred by the statute of frauds, pursuant to § 28-2-903(1)(d), MCA. It further concluded that Antigone Acres' restrictive covenants do not apply to the "reserve strip" because it is not a "lot" within Antigone Acres. Noting that maintenance and repair of Thebian Lane could become necessary because of potential construction traffic for Kearns' proposed subdivision, the District Court also found that any necessary maintenance and repair would be completed by Kearns, and that Kearns would be responsible for the costs of any road improvement required for their proposed subdivision, unless those costs are assumed by Ravalli County or shared by agreement with other residents of Thebian Lane. Finally, after making all these findings, the District Court summarily concluded--in one short sentence--that Yockeys were not entitled to a preliminary injunction because they failed to meet their burden under § 27-19-201, MCA.

¶18 We agree with Yockeys that the court erred in making sweeping and final factual and legal determinations following a hearing on the propriety of issuing a preliminary injunction. In determining the merits of a preliminary injunction, it is not the province of either the District Court or this Court on appeal to determine finally matters that may arise upon a trial on the merits. *Sweet Grass*, ¶ 38 (citation omitted). The limited function of a preliminary injunction is to preserve the *status quo* and to minimize the harm to all parties pending full trial; findings and conclusions directed toward the resolution of the ultimate issues are properly reserved for trial on the merits. *Porter v. K & S Partnership* (1981), 192 Mont.

175, 183, 627 P.2d 836, 840. In determining whether to grant a preliminary injunction, a court should not anticipate the ultimate determination of the issues involved, but should decide merely whether a sufficient case has been made out to warrant the preservation of the *status quo* until trial. *Porter*, 192 Mont. at 183, 627 P.2d at 840 (citing *Atkinson v. Roosevelt County* (1923), 66 Mont. 411, 422-24, 214 P. 74, 77-78). A preliminary injunction does not determine the merits of the case, but rather, prevents further injury or irreparable harm by preserving the *status quo* of the subject in controversy pending an adjudication on the merits. *Knudson v. McDunn* (1995), 271 Mont. 61, 65, 894 P.2d 295, 297-98 (citation omitted).

¶19    After it resolved the issues raised in Yockeys' Complaint, the District Court summarily concluded that Yockeys were not entitled to a preliminary injunction against Kearns, "as they have not met their burden under Section 27-19-201, MCA." In granting or refusing interlocutory injunctions, a court shall set forth the findings of fact and conclusions of law which constitute the grounds of its action. M.R.Civ.P. 52(a). Reviewing the record and those portions of the court's order which clearly relate to the merits of Yockeys' prayer for a preliminary injunction, we conclude that the court had before it sufficient evidence upon which to base its determination that Yockeys were not entitled to a preliminary injunction. Thus, the court did not manifestly abuse its discretion in denying the injunction.

¶20    However, we agree with Yockeys' contention that the District Court exceeded the scope of its duties upon consideration of the propriety of a preliminary injunction, when it entered findings of fact and conclusions of law that ultimately resolved all issues presented by the parties. As noted above, the court's function at this state of the proceedings was to

8

decide whether a sufficient case had been presented so as to justify preserving the *status quo* until trial, and nothing more. *Porter*, 192 Mont. at 183, 627 P.2d at 840. The remaining issues of law and fact should have been reserved for trial. Therefore, those findings and conclusions entered by the District Court which adjudicated the merits of the ultimate issues of fact and law presented for trial are hereby reversed, and such issues as remain extant given the passage of time and the apparent failure of Yockeys to post a bond pending appeal, are remanded for trial. We express no opinion on how such issues should be resolved at trial.

## CONCLUSION

¶21 For the foregoing reasons, we affirm the District Court's denial of Yockeys' preliminary injunction, but reverse and remand those Findings of Fact and Conclusions of Law which go to the ultimate issues in this case, and remand for further proceedings consistent with this Opinion.

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER

9