

DA 10-0301

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 12

CITY OF GREAT FALLS,

        Plaintiff and Appellee,

  v.

STEPHEN K. FORBES,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and For the County of Cascade, Cause No. BDV 09-898(a)
                    Honorable Thomas M. McKittrick, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Stephen K. Forbes, self-represented, Great Falls, Montana

        For Appellee:

                Neal P. DuBois, Sutton & DuBois, PLLC, Great Falls, Montana


                        Submitted on Briefs:  December 15, 2010

                                  Decided:  February 1, 2011


Filed:

              _____
                           Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Stephen Forbes (Forbes) appeals from the order of the Eighth Judicial District Court, Cascade County, granting the City of Great Falls's (City) application for an injunction. We affirm.

¶2 We consider the following issues on appeal:

¶3 *Did the District Court abuse its discretion by enjoining Forbes from further construction on his property when the City initiated its injunction proceedings without filing a complaint and serving summons?*

¶4 *Was Forbes entitled to a jury trial on the City's application for an injunction?*

## BACKGROUND

¶5 The City issued a Stop Work Order to Forbes in June 2009 because a construction project on his property violated City zoning requirements. Forbes admittedly had not obtained the required City building permit. Forbes failed to heed the Stop Work Order. The City petitioned the District Court on August 28, 2009, for an injunction under §§ 27-19-201 and -301, MCA, that would prohibit Forbes from further construction. Forbes received service of the City's petition. The court set a hearing date and served Forbes with notice. Forbes filed response briefs on September 1, 2009, and September 14, 2009. The court held hearings on the injunction request in October 2009 and March 2010. The court enjoined Forbes from further construction without the requisite building permit.

¶6 Forbes admitted that he had been doing construction work on a structure within the city limits of Great Falls. Forbes claimed that his construction project involved a "mobile

2

home," however, and that the City's zoning regulations did not apply to his construction. The court rejected Forbes's "mobile home" exception. The court found that the construction work had occurred on-site and that the construction had involved replacing the foundation and constructing a roof supported by walls. The court determined that Forbes's construction project met the definition of a "building" and that Forbes's construction project required a building permit.

¶7 The court concluded that the City had authority to adopt property and zoning codes to promote health, safety and the general welfare of the community. Section 76-2-301, MCA. Pursuant to this authority, the City had adopted the Official Code of the City of Great Falls (Code). The City had also adopted the 2006 International Residential Code for determining whether to deny or approve a building permit. The Code requires property owners to obtain building permits prior to beginning on-site construction of buildings within the city limits. Pursuant to the Code and § 76-2-308(2), MCA, the City had authority to issue the Stop Work Order for Forbes's unpermitted work.

¶8 The court granted the City's application for a preliminary injunction. The court ordered Forbes to obtain a permit from the City before commencing construction at the site. The court ordered that the City could demolish Forbes's construction if he had failed to obtain a building permit within 180 calendar days.

**STANDARD OF REVIEW**

¶9 We will not disturb a district court's decision to grant or deny a preliminary injunction barring a manifest abuse of discretion. *Yockey v. Kearns Props., LLC*, 2005 MT 27, ¶ 12,

3

326 Mont. 28, 106 P.3d 1185. We review for correctness a district court's conclusions of law. *Id*.

## DISCUSSION

¶10 *Did the District Court abuse its discretion by enjoining Forbes from further construction on his property when the City initiated its injunction proceedings without filing a complaint and serving summons?*

¶11 Forbes contends that the City improperly commenced the proceeding by filing the application and giving notice, rather than filing a complaint and causing summons to be issued. He contends that if the City would have properly filed a complaint, he would have been entitled to a jury trial on the injunction issue. We disagree.

¶12 Section 27-19-201(1), MCA, provides that a preliminary injunction may be granted "when it appears that the applicant is entitled to the relief demanded and the relief or any part of the relief consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually." Section 27-19-301(1), MCA, provides that "[n]o preliminary injunction may be issued without reasonable notice to the adverse party of the time and place of the making of the application therefor." The court receiving an application for injunction must "make an order requiring cause to be shown, at a specified time and place, why the injunction should not be granted." Section 27-19-301(2), MCA. A preliminary injunction may be granted upon affidavits or oral testimony at the hearing. Section 27-19-303, MCA.

¶13　The Legislature amended the statutes governing applications for preliminary injunctions in 1979.　1979 Mont. Laws 992-96.　Section 27-19-301, MCA (1978), had provided that an injunction could be issued at the discretion of the court with or without notice "unless the defendant has answered."　Section 27-19-303, MCA (1978), had provided that the preliminary injunction could be granted "at the time of issuing the summons upon the complaint or at any time afterward."　Further, a preliminary injunction could "not be granted on the complaint alone" unless it was "duly verified" and the material allegations of the complaint were made "positively and not upon information and belief."　Section 27-19-303, MCA (1978).

¶14　The 1979 amendments repealed these express references that had connected preliminary injunctions to civil actions commenced by complaint, summons, and answer. The 1979 amendments allowed applications for preliminary injunctions upon notice to the opposing party.　The legislative history of the 1979 amendments additionally indicates that an injunction could be issued upon application and notice without filing a complaint and issuing summons.　The amendments as presented to the Senate Judiciary Committee proposed to "revise the statutes regarding the procedure for obtaining and dissolving or modifying preliminary injunctions."　Mont. Sen. 243 (Feb. 3, 1979).　Specifically, the amendments proposed to allow a party to obtain an injunction "without filing a lawsuit." *Id.*

¶15　The City filed an application for injunctive relief pursuant to § 27-19-201, MCA. Forbes does not contend that the City failed to serve him with notice or that the court failed

5

to provide him with a show cause hearing. Forbes cites no statute or case law that requires the City to file a complaint and serve summons in order to obtain a preliminary injunction. We conclude that the City followed the proper procedure under §§ 27-19-301 and -303, MCA, by filing an application for an injunction, requesting that the District Court set a hearing date, and providing reasonable notice to Forbes.

¶16    *Was Forbes entitled to a jury trial on the City's application for an injunction?*

¶17    Section 27-19-101, MCA, provides that an injunction order may be granted "by the court." Both § 27-19-301(2), MCA, and § 27-19-303(2), MCA, indicate that the court grants or denies an application for a preliminary injunction. Section 50-60-109, MCA, provides that a "judge of the district court" may enjoin the unpermitted construction of buildings within the court's judicial district.

¶18    No right to a jury trial for a purely equitable action exists in Montana. *Supola v. Mont. Dept. of Justice*, 278 Mont. 421, 425, 925 P.2d 480, 482 (1996). A party has a right to a jury trial only on the legal claims even in litigation involving both equitable and legal claims. *Gray v. City of Billings*, 213 Mont. 6, 12-14, 689 P.2d 268, 272 (1984).

¶19    Forbes acknowledges that a proceeding on an application for a preliminary injunction proceeds in equity, that Montana law provides no right to a jury trial in a preliminary injunction proceeding, and that "[n]o jury at the injunction hearing was expected." Forbes does not contend that the District Court improperly determined contested issues of fact. Forbes argues, nonetheless, that had the City filed a complaint, he would have had a legal right to a jury trial. We already have concluded that the City need not have filed a complaint

6

and affirm the District Court's conclusion that these equitable proceedings on the City's application for a preliminary injunction did not entitle Forbes to a jury trial.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON