JUSTICE McKINNON,
concurring.
¶41 I agree with the Court’s analysis and conclusion that a party cannot obtain title to government property through adverse possession or use. The distinction drawn by the District Court that the Corral was not attempting to acquire a prescriptive easement against the federal government, but rather against a private landowner, is inconsistent with this well-established principle. I further agree that, based upon the findings of fact made by the District Court pertaining to fraud in the license agreement, our decision that there was no prescriptive easement requires reversal of the District Court’s order rescinding the license agreement. I write separately to highlight procedural problems *508 which I perceive occurred in the District Court and which, as a result, have caused the proceedings before this Court to be similarly difficult to sort through.
¶42 The difficulties appear to have started with the November 17, 2011 Pretrial Order, which identified as an unresolved issue the question as to which of the parties’ claims would be decided by the court and which would be decided by a jury. Burcalow had not requested a jury trial on its claims, but the Corral had demanded a jury trial on its counterclaims. In response to the Pretrial Order, Burcalow filed a Motion for Order Resolving Legal Issue Prior to Trial. Burcalow asserted that a jury should resolve all factual issues associated with Burcalow’s trespass claim, the Corral’s negligent misrepresentation claim, and the Corral’s claim for breach of the covenant of good faith and fair dealing. Burcalow further asserted that the court should resolve the Corral’s rescission claim and the Corral’s prescriptive easement claim. As authority for bifurcating the claims in this manner, Burcalow cited City of Great Falls v. Forbes, 2011 MT 12, ¶ 18, 359 Mont. 140, 247 P.3d 1086, which states that Ta] party has a right to a jury trial only on the legal claims even in litigation involving both equitable and legal claims.” When the Corral failed to file a response to Burcalow’s motion, the District Court granted the motion.
¶43 Bifurcation of the proceedings arose again, this time on the District Court’s initiative, during the parties’ oral argument on Burcalow’s motion for summary judgment. As a result, the parties submitted post-hearing briefs with differing proposals as to how the various claims should be tried. At this point, the various bifurcation scenarios contemplated by the parties were muddled and confusing-both as to the parties’ positions as well as the claims being considered on the issue of bifurcation. Burcalow requested, first, a judge trial on the equitable claims, which were identified as Burcalow’s claim for declaratory judgment and the Corral’s claims for rescission, estoppel, and prescriptive easement. This was to be followed, if necessary, by a jury trial on the legal claims, which were identified as Burcalow’s claim of trespass and the Corral’s claims for negligent misrepresentation and breach of the covenant of good faith and fair dealing. The Corral, on the other hand, argued that there should be a jury trial on all claims because the issues were so intertwined and there existed the potential for conflicting findings of fact from the judge and the jury. The Corral objected to bifurcation and maintained its right to have all factual issues tried by a jury. See Gray v. City of Billings, 213 Mont. 6, 12-14, 689 P.2d 268, 271-72 (1984). At the same *509 time, however, the Corral conceded that the court should make certain initial determinations prior to trial-namely, whether the Corral’s use of Burcalow’s property while it was owned by the Forest Service could be included within the period of prescriptive use, and what position the parties would be in if the license agreement were to be rescinded.
¶44 It seems that all of the confusion surrounding bifurcation stems from the parties’ competing interests in having or not having their claims heard by a jury and a vehicle by which to accomplish that result. I can only assume that Burcalow perceived a judge trial would benefit its interests while the Corral, conversely, desired to have all claims resolved by a jury. In any event, it appears the main concern of counsel and the court regarded the prescriptive easement and the license agreement. While the parties disputed whether a prescriptive easement claim should be decided by a judge or a jury, they both agreed that the ultimate issue needing to be resolved concerned prescriptive use against the Forest Service. This issue very simply could have been decided by the court, as a matter of law and undisputed fact, and the parties then could have proceeded to a jury trial with argument thereafter being made about how to appropriately instruct the jury.
¶45 The District Court granted Burcalow’s motions for separate trials pursuant to M. R. Civ. P. 42(b). The case proceeded to a two-day judge trial starting June 5, 2012. Thereafter, the District Court entered findings of fact and conclusions of law. The court determined that the Corral has a prescriptive easement over Burcalow’s property, that the parties’ license agreement should be rescinded, and that Burcalow should be estopped from relying on the license agreement. The court entered judgment in favor of the Corral on these claims, including an award of damages, on November 2, 2012, but indicated that the case would proceed to trial on the remaining claims. Nevertheless, Burcalow filed a notice of appeal, to which the Corral objected on the ground that it was premature since the District Court had not yet entered a final judgment as to all claims.
¶46 In its May 7, 2013 Decision and Order, the District Court concluded that its November 2, 2012 judgment was a final judgment which conclusively determined the parties’ rights and settled all claims. The court reasoned that by declaring a prescriptive easement in favor of the Corral and by rescinding the license agreement, there no longer were any factual or legal grounds supporting the parties’ other claims. We have not addressed the propriety of this reasoning; however, given the nature of these proceedings, I agree with our *510 decision finding that the District Court implicitly dismissed the Corral’s remaining counterclaims. Opinion, ¶ 34. The District Court conducted a substantive analysis on the election of remedies, drew conclusions regarding the various causes of action set forth in the Corral’s counterclaims, and determined that none of the Corral’s counterclaims survived. No other conclusion can be drawn from the District Court’s action except that the Corral’s remaining claims were denied and dismissed.
¶47 We have reaffirmed today that, as a matter of law, a party cannot claim prescriptive use against government-owned property. Opinion, ¶¶ 18,21. We have also made clear that the Corral has a right to a jury trial on any valid claims previously asserted, other than the claim of a prescriptive easement and the claim of fraud in the license agreement based on representations that there was no prescriptive easement. Opinion, ¶¶ 35, 39. Finally, our finding that the District Court implicitly dismissed the Corral’s remaining counterclaims, thereby rendering this matter final for purposes of appeal, is supported by the District Court’s May 7, 2013 Decision and Order. Hopefully these proceedings are now on solid footing and may progress forward to a resolution.
¶48 I concur.