FILED

11/15/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0705

DA 15-0705

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 290

MARC FLORA and GLORIA FLORA,

        Plaintiffs and Appellants,

    v.

THEODORE CLEARMAN, JANEEN SMITHEEN
and DENNIS SMITHEEN, GRAYCE TURK and
DUANE TURK, BUD MORRIS, JEFFREY JACOBS,
KEVIN HENDRICKSON and BRENDA HENDRICKSON,
TOMAS GRAMAN, STEFFEN RASILE, and ALTA VISTA
PROPERTIES, LLC, a Montana corporation,

        Defendants,

LINDA KOONTZ, DENNIS SHAW, CHAD NEWMAN
and NICOLE NEWMAN, KATY WESSEL, JOHN MEHAN,

        Defendants and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DDV 2011-471
Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Colleen M. Dowdall, Jesse C. Kodadek, Worden Thane P.C., Missoula,
                Montana

        For Appellees:

                Timothy W. McKeon, McKeon Doud, P.C., Helena, Montana
                (*Attorney for Kate Wessel and John Mehan*)

                John D. Doubek, Doubek, Pyfer & Fox, LLP, Helena, Montana
                (*Attorney for Linda Koontz and Dennis Shaw*)

Submitted on Briefs:  September 7, 2016

Decided:  November 15, 2016

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1      Plaintiffs Marc and Gloria Flora appeal the October 13, 2015, Order by the First Judicial District Court, Lewis and Clark County, granting their preliminary injunction based on a prescriptive easement rather than on an express public easement. The Floras also appeal the Order's limit that constrains their prescriptive use to light duty and passenger vehicles along the contested easement of Turk Road. We restate the issues on appeal as follows:

1. *Whether the District Court erred in granting the Floras a preliminary injunction based on a prescriptive easement claim.*

2. *Whether the District Court erred by limiting the Floras' prescriptive easement to the use of passenger vehicles.*

We affirm in part and reverse in part.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2      This dispute involves the existence and use of an easement along Turk Road, a private road that runs through multiple properties.[1] Turk Road begins at Threemile Road in the southeast quarter of Section 15, Township 11 North, Range 5 West, Principal Montana Meridian, in Lewis and Clark County, and runs northwest across nine parcels before turning onto state land in Section 16, then continuing north into Section 9, which contains several other parcels. Turk Road is not maintained by Lewis and Clark County or any other government entity. All the parties in this case own property accessed via Turk Road, and Turk Road passes through at least portions of the defendants' properties. This appeal concerns only the Floras' right to use Turk Road over two properties owned

_____

[1] A depiction of the properties involved and the road at issue is attached as Appendix A.

3

by four defendants: the first property is owned by husband and wife Dennis Shaw and Linda Koontz, and the second property is owned by husband and wife John Mehan and Katy Wessel.

¶3 All the properties along Turk Road were originally owned in common by Rosemary and Ray Sewell until the 1970s, when they began to divide and sell tracts of their land. In 1977, the Sewells sold 980 acres to Cecil and Beverly Hill in a contract for deed (Sewell-Hill Deed). The Sewell-Hill Deed provides: "Seller will provide a 60 foot public easement to Section 9." The Sewell-Hill Deed further provides: "S[ellers] reserve an easement for public use for ingress and egress to the property on the existing roads." The easement referenced is understood by all parties to be Turk Road.

¶4 Koontz and Shaw (Koontz/Shaw) own the north half of the southeast quarter of the northwest quarter of Section 15, which they purchased in the 1990s. Deeds within the Koontz/Shaw property chain of title provide the property was conveyed "including a 60 foot public road easement on the existing road . . . ." In 2003, Shaw rerouted a portion of Turk Road from his property onto the neighbors' property to the east.

¶5 Mehan and Wessel (Mehan/Wessel) own the northwest quarter of the northwest quarter of Section 15, which they purchased in 2008. The deeds within the Mehan/Wessel property chain of title and their title insurance policy state their property was conveyed "subject to the existing sixty (60) feet [sic] right of way easement of record." However, neither the Mehan/Wessel warranty deed nor the deed of their predecessor in interest contains information regarding an easement or covenant.

4

¶6    The Floras own the southwest quarter of Section 10 that sits directly north of and shares a property line with the Mehan/Wessel property. In 1972, the Sewells first sold a parcel in Section 10 that, combined with other parcels they later sold, was purchased by the Floras in 2000. The Floras constructed a home and moved to their property in 2005.

¶7    The dispute over the use of Turk Road began in 2009, after Mehan/Wessel purchased their property. The Floras originally accessed their property from Redtail Ridge Road, which meets Turk Road on a parcel at the eastern edge of Section 9. In 2009, the Floras purchased an easement from their neighbor, Steffen Rasile, and constructed a new driveway that connects to Turk Road and parallels the eastern Mehan/Wessel property line. The Floras' agents and invitees also have used Turk Road to access the Floras' property in Section 10. Beginning in 2009, Levi Cheff performed logging operations on the Floras' property in Section 10, and other properties in Section 17. The logging operations cleared dead and dying trees, and required Cheff to transport heavy machinery to the job sites and use large logging trucks along Turk Road. Because the Floras believe they have a right to use Turk Road, they used it to access their property from 2000 until 2012, when they moved out of the area during this pending controversy. Koontz/Shaw and Mehan/Wessel contest the Floras' right to use the road as it crosses their respective properties.

¶8    In attempts to stop others from using Turk Road, Koontz/Shaw and Mehan/Wessel removed existing road signs, dug a ditch across the road, and blocked the road with debris, dirt, snow, and rudimentary gates and fences. Mehan brandished and fired pistols as the Floras and others used Turk Road to cross the Mehan/Wessel property. In

5

November 2010, after construction of the Floras' new driveway on the Rasiles' property to the east of the Mehan/Wessel property, Mehan and Shaw placed straw bales across the driveway and covered them in water to create an ice berm, making the driveway unplowable and unusable for eight days. Mehan also constructed a snow fence on his property that caused snow to accumulate on the Floras' new driveway.

¶9 On May 2, 2011, the Floras sought a declaratory judgment that they have legal access along Turk Road as it passes through the Koontz/Shaw and Mehan/Wessel properties pursuant to an express easement reserved within the Sewell-Hill Deed and the Koontz/Shaw and Mehan/Wessel properties' chains of title. In November 2012, the Floras moved for summary judgment on all claims against Koontz/Shaw, which the District Court denied by concluding that the documents presented did not establish that the Floras owned an express easement across the Koontz/Shaw property under an easement appurtenant theory. Further, the District Court held that it could not reach a conclusion by clear and convincing evidence that there are no genuine issues of material fact to establish a prescriptive easement.

¶10 In January 2014, the Floras submitted a consolidated motion for partial summary judgment against Mehan/Wessel and renewed partial summary judgment against Koontz/Shaw. The District Court heard oral argument on April 23, 2014. On June 27, 2014, while the summary judgment motion was pending, the Floras moved for a temporary restraining order and preliminary injunction to enjoin Koontz/Shaw and Mehan/Wessel from interfering with the Floras' access along Turk Road. The District

Court declined to issue a temporary restraining order and held a hearing on the preliminary injunction.

¶11 On August 27, 2015, before ruling on the preliminary injunction, the District Court granted the Floras' motion to take judicial notice of Judge Seeley's May 14, 2014 Final Judgment in another case involving the use of Turk Road. In that action, Judge Seeley concluded: "[A]n express sixty-foot road easement exists across the [Mehan/]Wessel Property due to the deeds within the chain of title to the [Mehan/]Wessel Property. The express easement allows [the plaintiffs] Taylor and Dickerson use of Turk Road to access the Taylor and Dickerson property." The District Court then denied the Floras' motion for partial summary judgment, concluding there remained genuine issues of material fact as to whether the Sewells intended to create a "public easement" along Turk Road through the Sewell-Hill Deed, and that the Floras are strangers to the Sewell-Hill Deed and cannot claim rights to an express easement under it.

¶12 On October 13, 2015, the District Court granted the Floras a preliminary injunction, enjoining Koontz/Shaw and Mehan/Wessel from blocking the Floras' use of Turk Road across their properties because the Floras laid out a prima facie case for a prescriptive easement. However, the District Court concluded "in order to minimize potential damage, the scope of the injunction must be limited" to light-duty passenger vehicles or trucks. The Floras appeal the District Court's reasoning basing the preliminary injunction on a prescriptive easement theory and not on an express public easement theory. The Floras also appeal the District Court's limitation on the easement to passenger vehicles.

**STANDARDS OF REVIEW**

¶13 An order granting, dissolving, or refusing to grant an injunction is immediately appealable, notwithstanding that the merits of the controversy remain to be determined. M. R. App. P. 6(3)(e). Because of the high degree of discretion vested in the district courts to maintain the status quo, the standard for reviewing the grant of a preliminary injunction is a "manifest abuse of discretion." *Shammel v. Canyon Res. Corp.*, 2003 MT 372, ¶ 12, 319 Mont. 132, 82 P.3d 912. We only disturb a district court's decision regarding injunctive relief with a showing of a manifest abuse of discretion. *Sandrock v. DeTienne*, 2010 MT 237, ¶ 13, 358 Mont. 175, 243 P.3d 1123. "A 'manifest' abuse of discretion is one that is obvious, evident or unmistakable." *Shammel*, ¶ 12 (citations omitted). We review a district court's conclusions of law to determine whether they are correct. *Sandrock*, ¶ 13.

**DISCUSSION**

¶14 *1. Whether the District Court erred in granting the Floras a preliminary injunction based on a prescriptive easement claim.*

¶15 The Floras argue the District Court erred by granting their motion for a preliminary injunction on the basis of their prima facie showing of a prescriptive easement rather than an express public easement. In their motion for a temporary restraining order and preliminary injunction, the Floras requested that the District Court issue a preliminary injunction barring Koontz/Shaw and Mehan/Wessel from obstructing, threatening, harassing, or otherwise interfering in any way with their access on Turk Road pending the outcome of the litigation. The Floras' motion argued that the public

8

has an express easement over the Koontz/Shaw and Mehan/Wessel properties and that the Floras have prescriptive easements over the Koontz/Shaw and Mehan/Wessel properties. According to the Floras, there are no disputed facts, and the language in the Sewell-Hill Deed expressly granted an easement to the public, particularly when considered with evidence that demonstrates the Sewells undertook a common development scheme to divide and sell their property in Sections 9, 10, and 15. *See Broadwater Dev., L.L.C. v. Nelson*, 2009 MT 317, ¶ 37, 352 Mont. 401, 219 P.3d 492; *Mary J. Baker Revocable Trust v. Cenex Harvest States, Coops., Inc.*, 2007 MT 159, ¶ 19, 338 Mont. 41, 164 P.3d 851.

¶16 The District Court granted the following relief requested by the Floras: "Wessel, Mehan, Koontz, and Shaw are enjoined from interfering with the Floras' use of Turk Road to access their property pending the outcome of this litigation." The District Court held the Floras laid out a prima facie case that they are entitled to a prescriptive easement along Turk Road as it crosses the Koontz/Shaw and Mehan/Wessel properties, granting the Floras a preliminary injunction under § 27-19-201(1), MCA. In other words, the District Court granted the Floras the relief they sought, just not on the basis that they preferred it to be granted.

¶17 The Floras contend the District Court implicitly ruled against their express public easement claim by granting their preliminary injunction based on a prescriptive easement claim. We disagree. While the District Court concluded the Floras have laid out a prima facie case for a prescriptive easement, the preliminary injunction order is silent as to the Floras' express public easement claim. This is entirely consistent with the District

9

Court's order denying summary judgment on the Floras' express public easement claim on the basis that there remained genuine issues of material fact. That order is not before us. The District Court's summary judgment order was not certified by the District Court pursuant to M. R. Civ. P. 54(b). Therefore, the Floras' express public easement claim is not before us on appeal. M. R. App. P. 6(6) ("[A] district court may direct the entry of final judgment as to an otherwise interlocutory order or judgment, only upon an express determination that there is no just reason for delay, pursuant to M. R. Civ. P. 54(b)."); *see Kohler v. Croonenberghs*, 2003 MT 260, 317 Mont. 413, 77 P.3d 531.

¶18 The District Court granted the Floras' requested relief, and enjoined Koontz/Shaw and Mehan/Wessel from interfering with the Floras' use of Turk Road to access their property pending the outcome of this litigation. Our review finds the record accurately reflects the District Court's findings of fact and conclusions of law regarding the Floras' establishment of a prima facie case of a prescriptive easement along Turk Road. We conclude the District Court did not manifestly abuse its discretion in granting a preliminary injunction based on the Floras' prescriptive easement claim.

¶19 *2. Whether the District Court erred by limiting the Floras' prescriptive easement to the use of passenger vehicles.*

¶20 The Floras contend the District Court's limit on their use of Turk Road to passenger vehicles is a manifest abuse of discretion because their prescriptive use evidenced in the record does not support such a limit. Koontz/Shaw and Mehan/Wessel argue the limit to passenger vehicles prevents further damage to Turk Road pending the outcome of the litigation.

10

¶21    The purpose of a preliminary injunction is to prevent further injury or irreparable harm pending an adjudication on the merits.  *Yockey v. Kearns Props., L.L.C.*, 2005 MT 27, ¶ 18, 326 Mont. 28, 106 P.3d 1185 (citing *Knudson v. McDunn*, 271 Mont. 61, 65, 894 P.2d 295, 297-98 (1995)).  In granting a preliminary injunction, the district court should decide whether a sufficient case was made to warrant the preservation of the status quo until trial.  *Yockey*, ¶ 18.  "Upon the requisite showing, a preliminary injunction is issued to maintain the status quo pending trial, which has been defined as 'the last actual, peaceable, noncontested condition which preceded the pending controversy.'"  *Sandrock*, ¶ 16 (citations omitted).  Under § 70-17-106, MCA, the extent of an easement is determined by the nature of the enjoyment by which it was acquired.

¶22    The District Court concluded that the Floras made a prima facie case for a prescriptive easement along Turk Road.  However, in granting the preliminary injunction, the District Court limited the scope of the use to passenger vehicles after making findings of undisputed fact that support use of heavy equipment, including Cheff's use of Turk Road since 2009 to transport heavy equipment for logging operations to the Floras' property in Section 10 and other properties in Section 17.  Neither Koontz/Shaw nor Mehan/Wessel rebutted the evidence of use by trucks and heavy equipment.  The District Court's preliminary injunction as ordered has the effect of altering the status quo by limiting use of Turk Road to passenger vehicles and diminishing the Floras' ability to maintain their property.

¶23    The last peaceable, noncontested condition in this case entailed the Floras using Turk Road to access their property by passenger vehicles as well as the Floras' agents

using Turk Road to access the Floras' property for maintenance with large trucks and heavy equipment. *See Sandrock*, ¶ 16. The established status quo would then be use by the Floras and their agents that includes use beyond light duty passenger vehicles. The extent of the easement on Turk Road includes the use of large trucks and heavy equipment by prescription. We hold that the District Court's conclusion restricting the Floras' use of Turk Road to light duty vehicles is incorrect and a manifest abuse of discretion. We therefore reverse on this issue.

## CONCLUSION

¶24 We affirm the District Court's decision that the Floras are entitled to a preliminary injunction based on a prescriptive easement. We reverse the District Court's decision restricting the Floras' use along Turk Road to light duty and passenger vehicles, and remand to the District Court for further proceedings consistent with this Opinion.


/S/ JAMES JEREMIAH SHEA


We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE

# APPENDIX A: Turk Road Area Map

