FILED

06/09/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0200

ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0200

MARC FLORA and GLORIA FLORA,

Petitioners,

v.

FIRST JUDICIAL DISTRICT COURT,
HON. JAMES P. REYNOLDS, Presiding,

Respondent.

FILED

JUN 09 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioners Marc Flora and Gloria Flora (Floras) seek a writ of supervisory control directing the First Judicial District Court, Lewis and Clark County, to reverse its Order that imposed discovery sanctions against Floras in Cause No. DDV-2011-471. In that Order, the District Court granted a motion for sanctions filed by Defendants Katy Wessel and John Mehan, in which the court limited the evidence Floras could present at trial as a sanction for Floras' failure to cooperate with discovery. Floras allege supervisory control is necessary in this case because allowing the matter to move forward under the District Court's ruling would cut off their primary claims and leave them at a significant disadvantage in litigating this matter. Floras further maintain the District Court incorrectly re-opened discovery in this matter.

Four of the defendants in the underlying matter, including Wessel and Mehan, have responded to Floras' petition. They argue that this matter is not appropriate for writ of supervisory control because Floras have not met the requirements of M. R. App. P. 14(3). They further argue that if this Court accepts supervisory control, it should deny Floras' petition on the merits.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional

criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754.

Here, Floras assert the District Court operated under a mistake of law when it imposed discovery sanctions against Floras under M. R. Civ. P. 37. Floras allege the sanctions imposed by the court are "near-fatal" to their case and they therefore have no adequate remedy on appeal. Respondents disagree, asserting that the District Court acted within its discretion in ordering discovery sanctions against Floras and that these sanctions were crafted to match the discovery abuse Floras engaged in, limiting Floras' presentation of evidence on the two topics for which they refused to comply with discovery requests.

This dispute has its origins in a longstanding disagreement over Floras' right to use Turk Road to reach their property. In May 2011, Floras filed a Verified Complaint setting forth three causes of action: (1) declaratory judgment asserting Floras' legal right of access over a disputed segment of Turk Road; (2) easement by prescription over Turk Road; and (3) injunctive relief enjoining the defendants from interfering with Floras' use of Turk Road. The District Court granted Floras a preliminary injunction based on their prescriptive easement claim but limited the use of the disputed segment to passenger vehicles. Floras appealed and this Court affirmed the preliminary injunction but reversed the passenger-vehicle limitation. *Flora v. Clearman*, 2016 MT 290, 385 Mont. 341, 384 P.3d 448.

After remand, Floras moved to amend their complaint on April 26, 2018—the last day to file for the amendment of pleadings according to the District Court's scheduling order. On July 12, 2018, the District Court granted Floras leave to amend their complaint. The Amended Complaint set forth five causes of action: (1) declaratory and injunctive relief that an express public easement exists over a disputed segment of Turk Road;

2

(2) declaratory and injunctive relief that Floras have a prescriptive easement over the disputed segment of Turk Road; (3) assault; (4) trespass; and (5) civil conspiracy.

In November 2018, Wessel and Mehan moved to vacate the trial date and pretrial deadlines partially on the basis of their assertion that they required additional time to complete discovery of the new causes of action in the Amended Complaint. On December 17, 2018, the District Court granted the motion to continue. The District Court noted that the scheduling order which was in place had been developed without the parties' input and contained deadlines that were "probably not workable." It then determined that the Amended Complaint extended beyond the relief Floras had sought in the Verified Complaint as Floras had initially only sought a determination that they had an easement along Turk Road, but they now sought monetary damages from the defendants. It further found that the new allegations in the Amended Complaint dealt with tortious interference with Floras' use of Turk Road. Among the grounds for granting the motion to continue, the court stated that the Amended Complaint added new theories and claims not included in the Verified Complaint and that the defendants were entitled to additional time to conduct reasonable discovery into the newly added claims.

Floras then moved to limit discovery regarding the new claims. While Floras have not provided their motion and brief to this Court, it appears they asserted that additional discovery was only properly had on the civil conspiracy cause. While resolution of this motion was pending, Wessel and Mehan served their second set of discovery requests on Floras. Floras never responded to these discovery requests. Wessel and Mehan then served a third set of discovery requests on Floras, requesting only discovery concerning the civil conspiracy cause of action. Floras responded, but Wessel and Mehan were dissatisfied, alleging Floras' responses were defective and nonresponsive, and that Floras raised unreasonable objections. Wessel and Mehan then requested supplemental responses to Floras' responses to the third set of discovery requests; Floras supplemented their responses but Wessel and Mehan found the supplementation inadequate.

3

In August 2019, the District Court ruled upon Floras' motion to limit discovery. While the District Court's order was not provided to this Court, Floras assert that the court determined that Wessel and Mehan were entitled to pursue discovery into new factual allegations raised in the Amended Complaint. In the Order at issue in the present petition, the District Court stated that on August 23, 2019, it issued an order that specifically directed that the defendants were entitled to conduct discovery into the new factual allegations, theories, and claims set forth in the Verified Complaint.

At the next status conference, on September 24, 2019, Floras again objected to the scope of discovery. The court directed Floras to file a brief setting forth their arguments as to why they believed discovery should be limited by October 4, 2019. Again, we have not been provided a transcript or minute entry from the status conference, nor written orders, if any, issued by the District Court as a result of issues raised during the status conference.

Floras did not file a brief by October 4, and a few days later, Wessel and Mehan requested that Floras answer the second set of discovery requests and supplement their answers to the third set of discovery requests. A month later, Wessel and Mehan requested that they be allowed to inspect Floras' Turk Road property. Floras did not respond to either request and they did not respond to a subsequent request for trial exhibits.

Under the then-existing scheduling order, the deadline for disclosure of expert witnesses was December 15, 2019. On that date, Wessel and Mehan disclosed an expert witness on real estate valuations, but asserted that they were unable to disclose the expert's opinions because Floras had failed to respond to discovery requests regarding their Turk Road property.

Wessel and Mehan then moved the District Court for sanctions under M. R. Civ. P. 37(b)(2)(A), alleging they had been unable to obtain necessary and relevant information to defend against Floras' tort claims, and that Floras had provided no discovery regarding their claims for damages. Wessel and Mehan argued that the court should dismiss Floras' tort claims because of Floras' failure to cooperate with discovery.

4

On January 31, 2020, the District Court convened an emergency status hearing at Floras' request. At that time, there were numerous pending motions and a looming trial date. Floras requested the hearing so that the court and the parties could determine if trial could realistically occur as scheduled before Floras purchased plane tickets for witnesses and incurred other trial-related expenses. During the hearing, Floras' counsel asserted that the Rule 37 motion was frivolous because Floras had fully responded to all discovery and they were blind-sided by the sanctions motion since Wessel and Mehan had never filed a motion to compel. Floras acknowledged that they did not respond to Wessel and Mehan's second set of discovery requests, but contended that the third set of discovery requests, to which they did respond, was essentially identical to the second. Counsel for Wessel and Mehan asserted, "There still exists even after the supplementation a large gap in what was asked for, what is relevant, what is responsive and what should have been produced." The court stated its intention to resolve the pending motions so that the matter could proceed.

On February 27, 2020, the District Court issued an Order on Defendant's [sic] Motions: For Examination of Plaintiff's [sic] Property, For Deposition of Plaintiffs, In Limine, For Rule 37 Sanctions. In that Order, the court indicated it was unpersuaded by Floras' argument that additional discovery was not warranted because they did not add any substantial new facts or claims in the Amended Complaint: "The Court has literally laid Floras' original verified complaint filed in May 2011 next to their amended complaint filed in July 2018. There is precious little resemblance in the two documents." The court went on to enumerate some of the differences between the pleadings, finding that Floras' Amended Complaint included new factual allegations regarding their investment in their property and of the defendants' wrongful actions that interfered with Floras' use and enjoyment of their property. Unlike the Verified Complaint, the Amended Complaint alleges that Floras vacated their property and have been unable to find anyone willing to buy or rent it because "everyone is scared of Mehan and Wessel." The court also found that the remedies Floras sought had changed, finding "Floras' complaint against

5

Defendants largely pivoted from seeking an easement over Turk Road to seeking monetary damages."

Noting that it had in two earlier orders ruled that the defendants were entitled to conduct discovery into Floras' new factual allegations, theories, and claims, the court found that Floras dealt with the new discovery requests "from a severely limited perspective" and repeatedly thwarted discovery by claiming that requests were outside the scope of the court's orders. The court found that Floras failed to respond to Wessel and Mehan's second set of discovery and provided insufficient responses to the third set. For example, the court noted that Floras alleged they suffered significant financial losses due to Wessel and Mehan's actions, but they refused to produce their tax returns in response to a request for production. It found Floras' position that Wessel and Mehan were not entitled to discovery regarding financial losses during the relevant time period to be unsupportable. The court further noted that Floras claimed diminution in property value and an inability to sell or rent the property, but refused to provide any discovery regarding listing agreements or other efforts to sell or rent the property, and refused to allow a realtor to inspect the property for Wessel and Mehan to investigate the allegation that the property had diminished in value.

Finally, the court noted that Floras did not accept the court's invitation to brief their position regarding discovery limitations after it became clear that Floras did not agree with the court's orders on the scope of discovery. The court concluded that Floras' failure to provide discovery and to comply with the court's two discovery orders had denied Wessel and Mehan necessary and relevant information to defend against the tort claims. As a result, the court determined sanctions pursuant to M. R. Civ. P. 37 were appropriate. While it concluded that the dismissal of Floras' claims, as requested by Wessel and Mehan, was "too extreme," it imposed two significant sanctions that are the subject of the present petition: Floras shall not be permitted to present any evidence on the diminished value of their property; and Floras shall not be permitted to present any evidence relating to other

6

damage claims for economic losses and special damages. Floras now challenge these rulings.

This Court has held that pretrial discovery disputes are typically not appropriate for exercise of supervisory control. However, we will "sparingly exercise supervisory control over interlocutory discovery matters when required under truly extraordinary circumstances where the lower court is proceeding under a demonstrable mistake of law and the failure to do so will place a party at a significant disadvantage in litigating the merits of the case." *Mont. State Univ.-Bozeman v. Mont. First Judicial Dist. Court*, 2018 MT 220, 392 Mont. 458, 426 P.3d 541, ¶ 17 n.12 (citation and internal quotation omitted) (*MSU-B*).

Because they are in the best position to assess the nature and effect of discovery abuses, district courts have broad discretion to impose discovery sanctions under M. R. Civ. P. 37(b)-(f). This discretion is not unfettered, and orders imposing or denying discovery sanctions are subject to review for an abuse of discretion. Whether a district court abused its discretion is a question of law subject to de novo review. *MSU-B*, ¶ 15. Under the abuse of discretion standard, we review the district court's imposition of discovery sanctions for threshold compliance with the provision of M. R. Civ. P. 37 authorizing the sanction, whether a discovery violation or abuse occurred, the extent of prejudice caused by the violation or abuse, and whether the sanction imposed proportionally relates to the nature and effect of the violation or abuse. *MSU-B*, ¶ 20. If the court specifically warned a party about the consequences of a discovery violation or abuse, we further review whether the sanction imposed was consistent with the court's warning. *MSU-B*, ¶ 20 n.14 (citing *Culbertson-Froid-Bainville Health Care Corp. v. JP Stevens & Co. Inc.*, 2005 MT 254, ¶ 15, 329 Mont. 38, 122 P.3d 431).

In *MSU-B*, the respondent argued against this Court accepting supervisory control, asserting that this Court could not determine if the lower court abused its discretion without a fact-intensive consideration of the whole record. This Court rejected the respondent's argument, determining that the record in that case was "as developed as it is going to be"

insofar as the reasons for the imposition of sanctions and that no future developments in the case would affect the record as it pertained to the sanctions determination. *MSU-B*, ¶ 18. In this case, the record may be fully developed but Floras did not provide the necessary record to the Court. We can discern from the District Court's Order that it was at the end of its rope with Floras, which led to the imposition of sanctions. However, Floras have failed to provide us with the pertinent portions of the record that would allow us to determine why the District Court ran out of rope.

As noted above, Floras did not provide several key pieces of the record that contain not only context but material facts that this Court would need to examine to determine if the District Court abused its discretion in imposing sanctions. Floras provided neither the briefing on their motion to limit discovery nor the District Court's order on that issue. Floras also did not provide a transcript of the September 24, 2019 status conference at which they objected to the scope of discovery. Furthermore, while Floras assert that they justifiably did not respond to the second set of discovery requests because they were "almost exactly the same" as the third set of discovery requests, Floras provided only the third set to the Court, which, as Floras acknowledge, focus solely on the civil conspiracy cause of action. Thus, we are unable to compare these documents and are left only with the parties' unsupported assertions, which can be summarized as "are too," and "are not," respectively. In the Order at issue, the District Court, perhaps wisely, side-stepped the issue entirely, ruling that regardless of whether the discovery sets were similarly identical, Floras' answers to the third set were insufficient. However, lacking the necessary context, we cannot determine if the severity of the sanctions imposed by the District Court was an abuse of discretion.

Finally, we note that Floras raised the argument that the sanctions were *per se* an abuse of discretion because Wessel and Mehan did not first move to compel. This Court agrees that under many circumstances, a district court would act in haste to impose sanctions absent a motion to compel. However, in this case Floras had been twice directed to comply with discovery and, as best we can discern, it appears the District Court felt a

third order would be fruitless, thus leading to the sanction. Moreover, Floras failed to avail themselves of the opportunity to further brief their argument on limiting discovery when invited to do so by the District Court. Under the particular, unique facts of this case, the absence of a motion to compel, or an order granting such, is insufficient grounds for a determination of abuse of discretion for purposes of a writ of supervisory control.

We have determined that Floras have failed to demonstrate that supervisory control is appropriate in this matter. Instead, Floras may raise this issue on appeal if they ultimately find it necessary to do so.

IT IS THEREFORE ORDERED that Floras' Petition for a Writ of Supervisory Control is DENIED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the First Judicial District Court, Lewis and Clark County, Cause No. DDV-2011-471, and the Honorable James P. Reynolds, presiding.

DATED this 9th day of June, 2020.

_____
Chief Justice

_____
_____
_____
_____
Justices

9